UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEANNA CAROLLO and DIANA J. OWENS, *on behalf of themselves and all other employees similarly situated,*<br><br>                                        *Plaintiffs,*<br><br>                    v.<br><br>UNITED CAPITAL CORP., AFP MANAGEMENT CORP. and AFP 101 CORP.,<br><br>                                        *Defendants.* | CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Civil Action No.<br><br><u>6:16-CV-0013</u> (GLS/TWD) |

Plaintiffs DeAnna Carollo and Diana J. Owens ("Named Plaintiffs"), on behalf of themselves and all other persons similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Thomas & Solomon LLP, bring this class and collective action complaint against United Capital Corp., AFP Management Corp. and AFP 101 Corp. ("Defendants") and allege as follows:

<u>INTRODUCTION</u>

1.      This lawsuit seeks to recover damages in the form of unpaid wages as well as injunctive relief and declaratory relief on behalf of Named Plaintiffs and similarly situated banquet service workers and hourly tipped restaurant service workers who work or have worked at Radisson Hotel-Utica Centre ("Hotel") located in Utica, New York.

2.      Named Plaintiffs bring this action on behalf of themselves and similarly situated current and former banquet service workers and hourly tipped restaurant service workers who elect to opt in to this action pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b).

3.    Named Plaintiffs bring this action on behalf of themselves and similarly situated current and former hourly banquet service workers and hourly tipped restaurant service workers pursuant to Federal Rule of Civil Procedure ("FRCP") 23 to remedy the violations of applicable state labor laws and regulations including:  New York Labor Law ("NYLL") §§ 195-1(a), 196-d, 663, 650 *et seq.*, 652(1); and 12 NYCRR §§ 137-2.1, 137-2.2, 146-1.2, 146-2.18, and 146-2.19.

## JURISDICTION AND VENUE

4.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 216(b).

5.    This Court also has supplemental jurisdiction over the NYLL claims under 28 U.S.C. § 1367(a) because the Plaintiffs' allegations of NYLL violations are related to the same core of operative facts as Plaintiffs' allegations for violations of the FLSA.

6.    Venue is appropriate in the Northern District of New York because the allegations arose in this District, Defendants do business in this District, and Named Plaintiffs reside in this District.

## THE PARTIES

*Named Plaintiffs*

7.    At all relevant times DeAnna Carollo was an employee of Defendants under the FLSA and NYLL.

8.     Named Plaintiff Carollo worked at the Hotel from approximately September 2013 through April 2015.  During this time period, Named Plaintiff Carollo worked in various jobs titles.

9.     For a period of time in 2013, Named Plaintiff Carollo worked as a server and bartender in the Garden Grille Restaurant located in the Hotel and she also worked as a server and bartender for banquet events and other special events and meetings held at the Hotel.

10.     Named Plaintiff Carollo subsequently worked as the Assistant Food & Beverage Director until approximately late 2014 or early 2015.

11.     Named Plaintiff Carollo resumed bartending and banquet serving duties in late 2014 or early 2015 until the end of her employment in April 2015.

12.     At all relevant times Diana J. Owens was an employee of Defendants under the FLSA and NYLL.

13.     Named Plaintiff Owens began working at the Hotel as a banquet server in approximately 2006.

14.     Named Plaintiff Owens worked as a banquet server until approximately the end of 2014 when she moved over to the Garden Grille Restaurant to work as a server.

*Defendants*

*United Capital Corp.*

15.     Defendant United Capital Corp. is a foreign business corporation licensed to conduct business in the State of New York.

16.     Defendant United Capital Corp. has an office located at 9 Park Place, Great Neck, New York 11021.

17.     Defendant United Capital Corp. is an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

18.     Defendant United Capital Corp.'s employees are engaged in interstate commerce, and its annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

19.     Defendant United Capital Corp. is a company engaged in the business of investing in and managing real estate properties, including the operation of full service hotels.

20.     Defendant United Capital Corp. acquired the Hotel in or about May 2007.

21.     Defendant United Capital Corp. is the owner of the Hotel and, at all relevant times herein, has managed the hotel through one or more of its subsidiary companies, including AFP Management Corp. and/or AFP 101 Corp.

22.     As such, Defendant United Capital Corp. has the authority to and does, either directly or through its subsidiaries, including the other defendants named herein, oversee and make decisions concerning human resources and employment functions at the Hotel, such as hiring and firing employees, supervision and control of work schedules, conditions of employment, determination of rates and methods of pay and maintenance of employment records.

23.     An Employee Handbook provided to Named Plaintiff Carollo states that "United Capital Corporation authorizes the employment of staff.  All hiring is approved by the President & CEO or his designee."

24.     As such, Defendant United Capital Corp. is an employer of Plaintiffs.

*AFP Management Corp.*

25.     Defendant AFP Management Corp. is a foreign business corporation licensed to conduct business in the State of New York.

26.     Defendant AFP Management Corp. is a subsidiary of Defendant United Capital Corp., and its address for service of process as listed with the New York State Division of Corporations is 9 Park Place, Great Neck, New York 11021, United Capital Corp.'s headquarters.

27.     Defendant AFP Management Corp. is an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

28.     Defendant AFP Management Corp.'s employees are engaged in interstate commerce, and its annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

29.     During some or all of the relevant time period, Defendant AFP Management Corp. has managed the Hotel.

30.     In a press release issued in May 2007, United Capital Corp. represented that the Hotel would be managed by AFP Management Corp.

31.     As an entity managing the Hotel, Defendant AFP Management Corp. oversees and makes decisions concerning human resources and employment functions at the Hotel, such as hiring and firing employees, supervision and control of work schedules, conditions of employment, determination of rates and methods of pay and maintenance of employment records and is therefore an employer of Plaintiffs.

32.     AFP Management Corp. is also listed as the employer on Plaintiffs' W-2 forms

for at least the year 2014.

### *AFP 101 Corp.*

33.    Defendant AFP 101 Corp. is a foreign business corporation licensed to conduct business in the State of New York.

34.    Defendant AFP 101 Corp. is a subsidiary of Defendant United Capital Corp., and its address for service of process as listed with the New York State Division of Corporations is 9 Park Place, Great Neck, New York 11021, United Capital Corp.'s headquarters.

35.    AFP 101 Corp.'s principal executive office is also located at United Capital Corp's headquarters at 9 Park Place, Great Neck, New York 11021.

36.    Defendant AFP 101 Corp. is an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

37.    Defendant AFP 101 Corp.'s employees are engaged in interstate commerce, and its annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

38.    Upon information and belief, during some or all of the relevant time period, Defendant AFP 101 Corp. has managed the Hotel.

39.    As an entity managing the Hotel, Defendant AFP 101 Corp. oversees and makes decisions concerning human resources and employment functions at the Hotel, such as hiring and firing employees, supervision and control of work schedules, conditions of employment, determination of rates and methods of pay and maintenance of employment records and is therefore an employer of Plaintiffs.

40.    Further, an Employee Handbook provided to Named Plaintiff Carollo represents that AFP 101 Corp. is an employer of Plaintiffs.

## BACKGROUND

41.    At various time periods as described herein, Plaintiffs are or were employed by Defendants as hourly banquet service workers (including, but not limited to, banquet servers, captains, and bartenders) and hourly tipped restaurant service workers at the Hotel.

42.    Defendants operate the Garden Grille Restaurant located in the Hotel, and the Hotel also routinely hosts weddings, showers, rehearsal dinners, birthday parties, anniversaries, corporate meetings, dinners, sports banquets, conferences and other special events.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.  Named Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under 29 U.S.C. § 216(b).   The employees similarly situated for purposes of the collective action are in the following three subclasses (together referred to as the "Collective Class"):

(a)    Banquet Service Worker Subminimum Wage Collective Class: all current and former employees who in the last three years have worked as banquet service workers (including, as examples, banquet servers, captains and bartenders) and were paid subminimum wages at the Hotel and who elect to opt in to this action.

(b)    Hourly Tipped Restaurant Service Worker Collective Class: all current and former employees who in the last three years have worked as hourly tipped restaurant service workers and were paid subminimum wages at the Hotel and who elect to opt in to this action.

(c)    The Regular Rate Collective Class:   all current and former employees who in the last three years have worked as hourly banquet service workers (including, as examples, banquet

servers, captains and bartenders) and who worked in excess of forty (40) hours in one or more workweeks during that time period, who elect to opt in to this action and who did not have mandatory service charges included in their regular rate of pay used to calculate their overtime rate.

44. The FLSA requires that employees are paid the statutory minimum wage unless the employer is eligible to pay the federal tipped minimum wage under 29 U.S.C. § 203(m).

45. Defendants' policy and pattern or practice did not inform the Named Plaintiffs and similarly situated employees of the FLSA's tip credit provision 29 U.S.C. § 203(m) and supporting federal regulations, including, but not limited to, 29 C.F.R. § 516.4.

46. Further, Defendants' policy and pattern or practice also included retaining a portion of the banquet service workers' tips and failing to include mandatory service charges in the regular rate of pay used to calculate the overtime rate.

47. Additionally, banquet service workers were not properly considered tipped employees and therefore not eligible to be paid subminimum wages.

48. Accordingly, Defendants are not entitled to pay Plaintiffs subminimum wages under the FLSA.

49. Defendants knowingly and willfully operate their business with a policy of not paying the FLSA minimum wage to the Named Plaintiffs and other similarly situated employees.

50. Defendants are aware or should be aware that federal law required them to pay the banquet service workers at least minimum wage because Defendants are not entitled to a tip credit under 29 U.S.C. § 203(m).

51. Defendants also knowingly and willfully operate their business with a policy of failing to include all remuneration, such as mandatory service charges, in the regular rate of

pay used to calculate the overtime rate under the FLSA for Named Plaintiffs and other similarly situated employees.

52. Banquet Service Worker Subminimum Wage Collective Class members are similarly situated in that they are not tipped employees. Further, Banquet Service Worker Subminimum Wage Collective Class members are similarly situated in that they have similar job duties and similar pay provisions based on Defendants' illegal policy to not provide requisite notice and/or retain part of the tips but still pay subminimum wages.

53. In addition, Hourly Tipped Restaurant Service Worker Collective Class members are similarly situated in that they have similar job duties and similar pay provisions based on Defendants' illegal policy of not providing requisite notice but still paying subminimum wages.

54. There are numerous similarly situated current and former tipped employees of Defendants who work or worked at the Hotel who would benefit from issuance of a Court supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit.

55. Similarly situated employees are known to Defendants and readily identifiable by Defendants through their payroll records.

56. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of those employees similarly situated pursuant to the opt-in provision of the FLSA, 29 U.S.C. § 216(b).

57. Annexed hereto as Exhibit A are the written consents to filing this complaint duly executed by the Named Plaintiffs pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ACTION ALLEGATIONS-NEW YORK

58. This action is maintainable as a class action under Federal Rule of Civil Procedure

23 ("Rule 23").

59. Named Plaintiffs seek to certify the following five subclasses (together referred to as the "Class"):

(a)    Unpaid Gratuity Subclass: all persons who worked as hourly banquet service workers (including, as examples, banquet servers, captains and bartenders) at the Hotel, at any time six years prior to the filing of this action through the entry of final judgment in this matter, who did not receive the collected service charge automatically added on to customer bills.

(b)    Banquet Service Subminimum Wage Subclass: all persons who worked as banquet service workers (including, as examples, banquet servers, captains and bartenders) at the Hotel who, at any time six years prior to the filing of this action through the entry of final judgment in this matter, were paid subminimum wages.

(c)    Hourly Tipped Restaurant Service Subminimum Wage Subclass: all persons who worked as hourly tipped restaurant service employees at the Hotel and who, at any time six years prior to the filing of this action through the entry of final judgment in this matter, were paid subminimum wages.

(d)    Wage Theft Prevention Act Subclass: all persons who worked as hourly employees at the Hotel who at any time six years prior to the filing of this action through the entry of final judgment in this matter, did not receive proper written notices as required under the Wage Theft Prevention Act.

60. The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

61. Numerosity is met because the Class size is believed to be over 40 members. Therefore, the Class is so numerous that joinder of all members is impracticable.   The identity of the Class Members is known to Defendants and is contained in the employment records Defendants are required to maintain under the FLSA and NYLL.

62. The Named Plaintiffs and the other members of the Class share common issues of law and fact as to whether they were paid properly and have common claims that are typical

of the claims of the Class because they are or were employed by Defendants as hourly workers, were subject to the same policies and practices and suffered similar losses, injuries and types of damages as a result of Defendants' failure to comply with the NYLL.

63. Common issues of law and fact exist as to all members of the Class and predominate over any questions affecting only individual class members.   Among the common issues of law and fact are the following:

- Whether Defendants received a mandatory gratuity/service charge related to work performed by Plaintiffs;

- Whether Defendants failed to remit the mandatory gratuities to Plaintiffs;

- Whether a reasonable customer believed the mandatory service charges were being paid as gratuities;

- Whether Defendants properly notified customers that the mandatory service charges were not being distributed to Plaintiffs;

- Whether Defendants are liable for all damages claimed;

- The minimum wage rate to which the Subminimum Wage Subclasses are entitled;

- Whether Defendants' policy of failing to pay Named Plaintiffs and the Subminimum Wage Subclass members the proper minimum wage was willful or in reckless disregard of the law;

- Whether Defendants violated the NYLL and the supporting regulations by failing to provide the requisite notice to the Subminimum Wage Subclasses; and

- Whether Defendants failed to provide proper written notice to Plaintiffs as required under the Wage Theft Prevention Act.

64. These common questions of law and fact also predominate over any questions affecting only individual members.

65. The Named Plaintiffs' claims are typical of the claims of other members of the

Class because Named Plaintiffs both worked as hourly banquet service workers and hourly restaurant service workers at the Hotel and were paid subminimum wages. Further, as banquet service workers, Named Plaintiffs did not receive all of the mandatory charge for service that was added to customer bills just like other members of the Class. Finally, Named Plaintiffs also did not receive the proper Wage Theft Prevention Act paperwork. Named Plaintiffs therefore sustained damages arising out of Defendants' conduct in violation of the NYLL just like other members of the Class.

66. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Class. Named Plaintiffs have no interest antagonistic to the Class, and have retained counsel experienced in wage and hour class action litigation.

67. Thomas & Solomon LLP, counsel for the Class, is qualified and able to litigate the Named Plaintiffs' and Class's claims.

68. Thomas & Solomon LLP concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under wage and hour laws.

69. The class action is also maintainable under subsection (2) of Rule 23(b) because Named Plaintiffs and subclass members seek injunctive relief against Defendants, and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein.

70. Moreover, the class action is maintainable under subsection (3) of Rule 23(b) because Named Plaintiffs and subclass members seek to resolve common questions of law and fact (*see supra* ¶ 63) that predominate among the Named Plaintiffs and subclass members and the class action is superior to other available methods for the fair and efficient adjudication of

the controversy.

71. The subclasses are also maintainable under Rule 23(c)(4) because resolution of common issues will significantly advance the litigation or entitle Plaintiffs to injunctive relief.

## FACTS RELATING TO FLSA CLAIMS

*Defendants Violated the FLSA by Failing to Pay Minimum Wages to Named Plaintiffs and Similarly Situated Employees*

72. This claim arises from Defendants' willful violation of the FLSA for Defendants' failure to pay Named Plaintiffs and similarly situated banquet service employees their earned minimum wages.

73. Defendants have a practice of paying Named Plaintiffs and those similarly situated banquet service employees a subminimum wage even though they were not tipped employees as defined under federal law, 29 U.S.C. § 213(t).

74. Specifically, Named Plaintiffs and those similarly situated banquet service employees are paid a subminimum wage and a percentage of the customer-paid mandatory service charge; however they generally do not receive any tips from customers.

75. The mandatory service charge is not a bona fide tip under the FLSA.

76. In fact, in concluding that a compulsory charge is not a tip under the FLSA, 29 C.F.R. § 531.52 distinguishes between a tip voluntarily paid by a customer and a mandatory charge imposed upon a customer.

77. Accordingly, Defendants are not entitled to pay Named Plaintiffs and similarly situated banquet service employees subminimum wages under the FLSA.

78. As a result of Defendants' policy, Named Plaintiffs and similarly situated banquet service employees are owed the minimum wage for all hours worked.

79.    Because Named Plaintiffs and those similarly situated banquet service employees were all deprived of minimum wage payments by Defendants' policy, as described above, Plaintiffs are similarly situated to each other pursuant to 29 U.S.C. § 216(b).

***Defendants Violated the FLSA by Failing to Inform Employees of the Tip Credit Provisions and/or Retaining a Portion of the Tips***[1]

80.    This claim arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 203(m), for failing to pay Named Plaintiffs and similarly situated employees their earned minimum wages.

81.    Defendants' have a practice of paying Plaintiffs a subminimum wage even though Defendants are not eligible to avail themselves of the federal tipped minimum rate under the FLSA, 29 U.S.C. § 203(m).

82.    In order for Defendants to be eligible for a tip credit under federal law, they must have (1) informed the tipped employees of statutory requirements related to the tip credit; and (2) all tips received by such employees must be retained by the employees or among employees who customarily and regularly receive tips.

83.    Defendants failed to satisfy the two above-stated requirements and therefore are not eligible to receive the tip credit available under 29 U.S.C. § 203(m).

84.    First, despite paying employees subminimum wages, Defendants failed to inform Named Plaintiffs and similarly situated employees of the tip credit provisions as required under Federal law.

---

[1]    Although Plaintiffs dispute that banquet service employees are "tipped employees" because mandatory service charges are not tips under federal law, Plaintiffs claim in the alternative that Defendants are also not eligible for a tip credit because they fail to satisfy the two requirements set forth under 29 U.S.C. § 203(m).

85.     Second, for Named Plaintiffs and similarly situated banquet service employees, Defendants also retained a portion of the mandatory charge for service, which is the very "tip" Defendants appear to rely upon in satisfying the federal minimum wage requirements.

86.     In failing to inform Named Plaintiffs and similarly situated employees of the tip credit provisions and/or retaining any portion of the tips, Defendants are not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m).

87.     Because Named Plaintiffs and those similarly situated employees were all deprived of minimum wage payments by Defendants' policy, as described above, Plaintiffs are similarly situated to each other pursuant to 29 U.S.C. § 216(b).

### *Defendants Violated the FLSA by Improperly Calculating the Regular Rate Used to Calculate the Overtime Rate of Pay*

88.     Defendants' pay policy and practice was to exclude certain remuneration, such as mandatory service charges, from the regular rate used to calculate the overtime rate of pay.

89.     As a result of this pay policy and practice Named Plaintiffs and similarly situated employees were not properly compensated for overtime worked over forty (40) hours in a workweek in violation of the FLSA.

90.     On numerous occasions throughout her employment, including during the three (3) years preceding the filing of this action, Named Plaintiff DeAnna Carollo worked over forty (40) hours in a workweek, thus entitling her to overtime pay at time and a–half her regular rate of pay.

91.     However, the mandatory service charge was not included in the regular rate used to calculate her overtime rate of pay for weeks she worked over forty (40) hours.

92.    The pay and timekeeping records Defendants are required to maintain for Ms. Carollo will show the particular workweeks in which Ms. Carollo worked more than forty (40) hours but Defendants failed to properly include the mandatory service charge payment in her regular rate of pay use to calculate her overtime rate.

93.    On numerous occasions throughout her employment, including during the three (3) years preceding the filing of this action, Named Plaintiff Diana Owens worked over forty (40) hours in a workweek, thus entitling her to overtime pay at time and a–half her regular rate of pay.

94.    However, the mandatory service charge was not included in the regular rate used to calculate her overtime rate of pay for weeks she worked over forty (40) hours.

95.    The pay and timekeeping records Defendants are required to maintain for Ms. Owens will show the particular workweeks in which Ms. Owens worked more than forty (40) hours but Defendants failed to properly include the mandatory service charge payment in her regular rate of pay use to calculate her overtime rate.

96.    Because mandatory service charges are not considered tips under the FLSA, Defendants' failure to include this remuneration in the regular rate of pay used to calculate the overtime rate is a violation of the FLSA's overtime provisions.

97.    Defendants' failure to include all remuneration in the regular rate of pay used to calculate the overtime rate is a pay policy that applies to the Named Plaintiffs and similarly situated employees.

98.    Defendants' failure to pay overtime as required by the FLSA was willful.

99.    As a result of Defendants' unlawful pay policies and practices as described herein, Named Plaintiffs, similarly situated employees and the Class suffered a loss of wages.

## FACTS RELATING TO NYLL CLAIMS

### *Defendant Illegally Retained Mandatory Charges Collected From Customers*

100.   This claim arises from Defendants' violation of NYLL Article 6 § 196-d, which provides that an employer may not "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

101.   New York State Department of Labor Regulation § 146-2.19(a) requires that a charge for the administration of a banquet or other special event "be clearly identified as such and customers shall be notified that the charge is not a gratuity or tip."

102.   Further, 12 NYCRR § 146-2.19(b) provides that the employer has the burden of demonstrating that notification was sufficient to ensure that the reasonable customer understood that the charge was not a gratuity.

103.   12 NYCRR § 146-2.19(c) sets forth what an employer needs to do in order to provide adequate notification to customers.   For example, the regulations state that a statement shall be included in the contract or agreement with the customer, as well as on any menus and bills, that the charge is for administration, and not purported to be a gratuity, and will not be distributed to employees who provided service to the guests.   These statements must use ordinary language in font similar to surrounding text, but no smaller than 12-point font.

104.   Throughout the relevant time period, Defendants' policy has been to retain a portion of the mandatory charge for service that was added to customer bills at all of Defendants' banquet and meeting events.   However, Defendants failed to ensure that a

reasonable customer would understand that the entire charge was not purported to be a gratuity.

105.   Under Defendants' policy, the mandatory service charge was not distributed entirely to banquet service employees.

106.   Further, Defendants had a policy that failed to clearly identify that the mandatory charge was not a gratuity or tip.

107.   For example, the mandatory charge was referred to as "service" on banquet event orders ("BEOs"). These documents failed to include the necessary disclaimers indicating that these mandatory charges were in fact retained in part by Defendants and not distributed in their entirety to banquet service employees.

108.   Therefore Defendants cannot meet their burden to show that a reasonable customer would know that the mandatory charge added to each bill for banquet and meeting events was not distributed in its entirety to those banquet service employees who provided service to the guests.    Instead, Defendants retained a portion of the mandatory charge and Plaintiffs are paid on an hourly basis and only receive a portion of the collected mandatory charge for service.

109.   Plaintiffs were instructed by Defendants' management to say that tips were included if guests asked whether gratuity was included.

110.   As a result of Defendants' policy, Named Plaintiffs and similarly situated banquet service employees are owed the gratuities illegally retained by Defendants from service charges paid by customers.

111.   Plaintiffs are also committed to getting an injunction to prevent Defendants from continuing to engage in these violations.

*Defendants Violated NYLL by Paying Subminimum Wages to Named Plaintiffs and Similarly Situated Banquet Service Employees*

112.    This claim arises from Defendants' willful violation of the NYLL, New York Minimum Wage Act, Article 19, § 650 *et seq.*, for Defendants' failure to pay Named Plaintiffs and similarly situated banquet service employees their earned minimum wages.

113.    Defendants have a practice of paying Named Plaintiffs and those similarly situated banquet service employees a subminimum wage even though Defendants received a portion of the mandatory charge added to bills for banquet and meeting events.

114.    However, Defendants cannot pay Plaintiffs a subminimum wage because a violation of "N.Y. Lab. Law § 196-d itself constitutes an independent and sufficient reason to find that defendants are not entitled to a tip credit." *Copantitla v. Fiskardo Estiatatorio, Inc.,* 788 F. Supp. 2d 253, 291-292 (S.D.N.Y. 2011) (internal citation omitted).

115.    Accordingly, Defendants are not entitled to pay Named Plaintiffs and similarly situated banquet service employees subminimum wages under the NYLL.

116.    Therefore, such violations occurred in each workweek in which Named Plaintiffs and those similarly situated banquet service employees worked.

117.    Defendants' books and records are material to the action as they disclose the hours worked by each employee and the rate of pay for that work.

118.    Defendants violated the NYLL by failing to compensate Named Plaintiffs and similarly situated banquet service employees consistent with the minimum wage provisions.

119.    Plaintiffs are also committed to getting an injunction to prevent Defendants from continuing to engage in these violations.

*Defendants Violated NYLL by Paying Subminimum Wages to Named Plaintiffs and Class Members*

120.    This claim arises from Defendants' willful violation of the NYLL, New York Minimum Wage Act, Article 19, § 650 *et seq.*, for Defendants' failure to pay Named Plaintiffs and similarly situated employees their earned minimum wages.

121.    Defendants failed to provide written notice of the tip credit or allowance to Named Plaintiffs and similarly situated employees as required under New York State law.

122.    At all relevant times, Defendants did not comply with NYLL's tip credit provision and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 NYCRR §§ 137-2.2 and 146.2-2.

123.    Moreover, Defendants failed to provide Named Plaintiffs and those similarly situated with wage statements that complied with the requirements of the NYLL. For example, Named Plaintiffs were not given wage statements that contained allowances claimed by Defendants including the tip credit as required by NYLL § 195(3) as amended by the New York Wage Theft Prevention Act.

124.    Accordingly, Defendants are not entitled to pay Named Plaintiffs and those similarly situated restaurant service employees subminimum wages under NYLL.

125.    Therefore, such violations occurred in each workweek in which Named Plaintiffs and those similarly situated employees worked.

126.    Defendants' books and records are material to this action as they disclose the hours worked by each employee and the rate of pay for that work.

127.    Defendants violated the NYLL by failing to compensate Named Plaintiffs and the similarly situated employees consistent with the minimum wage provisions.

128.    Plaintiffs are also committed to getting an injunction to prevent Defendants from continuing to engage in these violations.

*Defendants Violated NYLL by Failing to Provide Wage Notices*

129.    Since the enactment of the Wage Theft Prevention Act ("WTPA") in April 2011 through February 2015, pursuant to NYLL § 195, Defendants were required to provide all employees, including hourly employees, with a yearly notice, at the time of hiring when newly hired, on or before February first of each subsequent year of employment and every time a wage rate changes, containing certain required information including the employee's rate of pay, whether the employer intends to claim allowances, and the overtime rate of pay, if the employee is subject to overtime requirements.

130.    Beginning in February 2015, the requirement to provide employees with a yearly notice was eliminated, but the requirements of providing a notice at the time of hiring, and, for employers in the hospitality industry, every time a wage rate changes, remained.

131.    Defendants failed to provide Named Plaintiffs and other hourly employees with wage notices as required by the Wage Theft Prevention Act.

### FIRST CAUSE OF ACTION
*Violation of FLSA-Minimum Wages*
*Section 216(b) Collective Action*

132.    Named Plaintiffs and the subclass members re-allege the above paragraphs as if fully restated herein.

133.    This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay minimum wages to the Plaintiffs.  Plaintiffs bring this claim as a collective action under Section 216(b) of the Act.  *See* 29 U.S.C. § 216(b).

134.    Defendants unlawfully paid banquet service and restaurant service employees subminimum wage because Defendants failed to inform Named Plaintiffs and subclass members of the tip credit provisions and/or Defendants retained a portion of the tips.

135.    Further, Named Plaintiffs and similarly situated banquet service employees were not even "tipped employees" under federal law.

136.    Accordingly, Defendants are not eligible to pay Named Plaintiffs and the subclasses subminimum wages under the FLSA.

## SECOND CAUSE OF ACTION
### *Violation of FLSA-Overtime*
### *Section 216(b) Collective Action*

137.    Named Plaintiffs and the subclass members re-allege the above paragraphs as if fully restated herein.

138.    This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to correctly calculate the regular rate of pay used to calculate the overtime rate for Plaintiffs.  Plaintiffs bring this claim as a collective action under Section 216(b) of the Act.  *See* 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### *Illegal Retention of Gratuities Under NYLL*

139.    Named Plaintiffs and the Unpaid Gratuity Subclass re-allege the above paragraphs as if fully restated herein.

140.    The mandatory service charges constitute gratuities under NYLL.

141.    Under NYLL Article 6 § 196-d, employers may not "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

142.    Defendants unlawfully withheld and retained gratuities that reasonable customers would believe would be distributed to Named Plaintiffs and the Unpaid Gratuities Subclass.

143.    As a direct and proximate cause of Defendants' acts, including Defendants' failure to act in good faith, Defendants willfully violated the NYLL and Named Plaintiffs and the Unpaid Gratuity Subclass have suffered damages pursuant to NYLL Article 6, § 196-d.

**FOURTH CAUSE OF ACTION**
*Violation of NYLL-Minimum Wages*

144.    Named Plaintiffs and the Banquet Service Subminimum Wage and Hourly Tipped Restaurant Worker Subminimum Wage Subclasses re-allege the above paragraphs as if fully restated herein.

145.    In violation of New York Minimum Wage Act, Article 19, § 650 *et seq.*, Defendants failed to pay Named Plaintiffs and the Banquet Service Subminimum Wage and Restaurant Service Subminimum Wage Subclasses their earned minimum wages.

146.    Defendants unlawfully paid banquet service employees subminimum wage despite being ineligible because of their violation of NYLL Section 196-d.

147.    Defendants also failed to provide written notice of the tip credit or allowance to Named Plaintiffs and the Banquet Service Subminimum Wage and Hourly Tipped Restaurant Service Subminimum Wage Subclasses, as required under New York State law.

148.    Further, Defendants failed to provide Named Plaintiffs and Banquet Service Subminimum Wage and Hourly Tipped Restaurant Service Subminimum Wage Subclasses with wage statements that complied with the requirements of NYLL.

149.    Accordingly, Defendants are not eligible to pay Named Plaintiffs and the subclasses their subminimum wages under the NYLL.

## FIFTH CAUSE OF ACTION
### *NYLL-Wage Notice Violations*

150.   Named Plaintiffs and the WTPA subclass members re-allege and incorporate the allegations set forth above.

151.   The notice provisions of the Wage Theft Prevention Act, Article 6 of the NYLL and its supporting regulations apply to Defendants and protect Named Plaintiffs and the WTPA subclass members.

152.   Until February 2015, NYLL § 195-1(a) required employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, on or before February first of each subsequent year of the employee's employment with the employer, and, for employers in the hospitality industry, every time a wage rate changes, a notice containing, among other things, an employee's rate of pay and allowances paid.

153.   As of February 2015, NYLL § 195-1(a) requires employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and, for employers in the hospitality industry, every time a wage rate changes, a notice containing, among other things, an employee's rate of pay and allowances paid.

154.   Defendants have failed to comply with the notice provisions of the Wage Theft Prevention Act, and more specifically NYLL § 195-1.

155.   Due to Defendants' violations of the NYLL, Named Plaintiffs and WTPA subclass members are entitled to recover from Defendants statutory penalties as provided for by NYLL Article 6, § 198(1-b).

**WHEREFORE**, Named Plaintiffs and the Class demand judgment against Defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

(b)    an order certifying the class as requested and designating Thomas & Solomon LLP as class counsel;

(c)    designation of Named Plaintiffs DeAnna Carollo and Diana J. Owens as the representatives of the Class;

(d)    liquidated damages in an amount equal to the amount of unpaid minimum wages and gratuities;

(e)    under N.Y. LAB. LAW § 198, damages, for Named Plaintiffs and Class members, in the amount of fifty dollars for each work day that Defendants failed to provide them with a proper wage notice, not to exceed a total of five thousand dollars;

(f)    an award of the value of Named Plaintiffs' and Class members' unpaid gratuities and wages;

(g)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Named Plaintiffs' and Class members' rights;

(h)    an award of pre- and post-judgment interest;

(i)    service payments for the Named Plaintiffs;

(j)    the amount equal to the value that would make Named Plaintiffs and the Class members whole for the violations; and

(k)    such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: January 5, 2015

THOMAS & SOLOMON LLP

By:  *Sarah E. Cressman*

J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Sarah E. Cressman, Esq.
Jessica L. Lukasiewicz, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
scressman@theemploymentattorneys.com
jlukasiewicz@theemploymentattorneys.com