UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
DEANNA CAROLLO and DIANA J. OWENS,           16 CV 0013 (GLS)(TWD)
on behalf of themselves and all other employees
similarly situated,

                       **Plaintiffs,**

   -against-

UNITED CAPITAL CORP., AFP MANAGEMENT
CORP., and AFP 101 CORP.,

                       **Defendants.**
--------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISQUALIFY THOMAS & SOLOMON LLP FROM REPRESENTING
<u>PLAINTIFFS AND THE OPT-INS</u>**

Jamie S. Felsen, Esq.
Milman Labuda Law Group, PLLC
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
(516) 328-8899

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1

**FACTS** ........................................................................................................................................ 1

**STANDARD** .............................................................................................................................. 2

**ARGUMENT** .............................................................................................................................. 3

  **POINT I**
  **THOMAS & SOLOMON LLP SHOULD BE DISQUALIFIED** ......................................... 3

**CONCLUSION** .......................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**
Ahmed v. Morgans Hotel Group Mgt., LLC, 2017 N.Y. Misc. LEXIS 638
  (N.Y. Sup. Ct. Feb. 27, 2017) ........................................................................................ 6
Cheng v. GAF Corp., 631 F.2d 1052 (2d Cir. 1980) .................................................................. 2
Crews v. County of Nassau, 2007 U.S. Dist. LEXIS 6572 (E.D.N.Y. Jan. 30, 2007) .................... 4
Dixon-Gales v. Brooklyn Hosp. Ctr., 35 Misc. 3d 676 (N.Y. Sup. Ct. Kings 2012) ...................... 8
Flores v. Willard J. Price Assocs., LLC, 20 A.D.3d 343 (N.Y. App. Div. 1st Dep't 2005) ........... 3
Galindo v State Farm Fire & Cas. Co., 2014 N.Y. Misc. LEXIS 1816
  (N.Y. Sup. Ct. Apr. 15, 2014) ................................................................................... 3,4
Hacket v. Montefiore Health System Inc., 12-cv-2682 (S.D.N.Y.)(J. Crotty) ............................... 8
Hempstead Video, Inc. v. Inc. Village of Valley Stream, 409 F.3d 127
  (2d Cir. 2005) .............................................................................................................. 2
Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975) ................................................................ 2
Pruell v. Caritas Christi, 2013 U.S. Dist. LEXIS 187514 (D. Mass. May 31, 2013) .................... 7
Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381
  (S.D.N.Y. 2010) ........................................................................................................... 2
Rivera v. Lutheran Med. Ctr., 866 N.Y.S. 2d 520 (2008)
  (2d Dep't 2010) ......................................................................................................... 8,9
Roddy v. Nederlander Producing Co. of America, Inc., 96 AD3d 509 (1st Dept. 2012). ............... 3
Tufamerica, Inc. v. Codigo Music LLC, 2013 U.S. Dist. LEXIS 65777
  (S.D.N.Y. May 7, 2013) ............................................................................................... 2

**Statutes**
N.Y. Labor Law § 196-d ............................................................................................. 5, 6, 7, 9
Rule 1.4 …………………………………………………………………………………..4
Rule 1.7………………………………………………………………………………….3,4
Rule 7.3……………………………………………………………………………….....3
Rule 83.4 .................................................................................................................................... 2

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants, United Capital Corp., AFP Management Corp., and AFP 101 Corp. (collectively the "Hotel"), in support of their motion to disqualify Thomas & Solomon LLP from representing any Plaintiffs or opt-ins in this case.

Thomas & Solomon LLP engaged in several violations of the New York Rules of Professional Conduct which warrants its disqualification.

First, Thomas & Solomon LLP engaged in an improper in-person solicitation of Plaintiff Diana Owens that resulted in the commencement of this lawsuit – about which she testified under oath.

Second, Thomas & Solomon LLP has several conflicts of interest with its clients, including Thomas & Solomon LLP's solicitation of additional individuals to join this lawsuit for Thomas & Solomon's financial benefit (and to the financial detriment of Plaintiffs and the opt-ins) and failing to inform Plaintiffs and the opt-ins about evidence that belies their allegations in the Complaint. Thomas & Solomon LLP pursued this unscrupulous course of action to avoid having the Plaintiffs drop their claims or drop out of the lawsuit. Meanwhile, Thomas & Solomon persists in soliciting additional clients for its own financial benefit.

## FACTS

On March 23, 2017, Plaintiff Diana Owens ("Owens") testified at her deposition that prior to commencing this action, she received an unexpected, unsolicited and random telephone call from Plaintiffs' counsel, Sarah Cressman ("Attorney Cressman"), who Owens did not know at the time that she received the call, which resulted in the commencement of this action. See Felsen Decl. Exh. B, Owens Dep. at 69:23-71:24.

1

**STANDARD**

Disqualification of an attorney is a matter which rests within the sound discretion of the court. Cheng v. GAF Corp., 631 F.2d 1052, 1055 (2d Cir. 1980), vacated on other grounds and remanded, 450 U.S. 903, 101 S. Ct. 1338, 67 L. Ed. 2d 327 (1981). A federal court's power to disqualify an attorney derives from its "inherent power to 'preserve the integrity of the adversary process,'" Hempstead Video, Inc. v. Inc. Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005). "[I]n the disqualification situation, any doubt is to be resolved in favor of disqualification. Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975).

Courts consider the New York Disciplinary Rules and ABA Model Rules of Professional Responsibility for guidance on a motion for disqualification. Id. at 132; Tufamerica, Inc. v. Codigo Music LLC, 2013 U.S. Dist. LEXIS 65777 (S.D.N.Y. May 7, 2013).[1]

Where an attorney has an interest adverse to a client, a "per se" standard applies and the attorney must be disqualified unless he or she can demonstrate "'at the very least, that there will be no actual or *apparent* conflict in loyalties or diminution in the vigor of his representation.'" Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 388-389 (S.D.N.Y. 2010). This standard is based on the ethical principle that an attorney must exercise independent judgment on behalf of a client. Id.

---

[1] Under Rule 83.4(j) of the Local Rules of the Northern District of New York, "[t]he Court shall enforce the New York Rules of Professional Conduct, in construing which the Court as a matter of comity will follow decisions of the New York State Court of Appeals and other New York state courts absent an over-arching federal interest and as interpreted and applied by the United States Court of Appeals for the Second Circuit."

2

## ARGUMENT

## POINT I

## THOMAS & SOLOMON LLP SHOULD BE DISQUALIFIED

Rule 7.3 of the New York Rules of Professional Conduct prohibits an attorney from engaging in solicitation, *inter alia*, by telephone contact.

Rule 1.7(a) of the New York Rules of Professional Conduct states in pertinent part that a lawyer shall not represent a client if the representation will involve the lawyer in representing differing interests or a reasonable lawyer would conclude that there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.  Indeed, "an attorney may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligation of the professional relationship." Galindo v State Farm Fire & Cas. Co., 2014 N.Y. Misc. LEXIS 1816, 9-11 (N.Y. Sup. Ct. Apr. 15, 2014) quoting Roddy v. Nederlander Producing Co. of America, Inc., 96 AD3d 509 (1st Dept. 2012).  As explained in Galindo:

> An attorney must avoid not only the fact, but even the appearance, of representing conflicting interests. [T]he greatest trust between [people] is the trust of giving counsel. This unique fiduciary reliance . . . is imbued with ultimate trust and confidence. Furthermore,[t]he duty to deal fairly, honestly and with undivided loyalty superimposes onto the attorney-client relationship a set of special and unique duties, including maintaining confidentiality, avoiding conflicts of interest,. . . and honoring the clients' interests over the lawyer's. Indeed, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship.

Id. citing Flores v. Willard J. Price Assocs., LLC, 20 A.D.3d 343 (N.Y. App. Div. 1st Dep't 2005).

A violation of Rule 1.7(a), where an attorney puts his or her own personal interests' above the plaintiffs' interests has resulted in disqualification of counsel.  See Crews v. County of Nassau, 2007 U.S. Dist. LEXIS 6572 (E.D.N.Y. Jan. 30, 2007); Galindo v State Farm Fire & Cas. Co., 2014 N.Y. Misc. LEXIS 1816 (N.Y. Sup. Ct. Apr. 15, 2014).

N.Y. Rules of Professional Responsibility Rule 1.4(b). requires counsel to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

N.Y. Rules of Professional Responsibility Rule 1.4(a)(1)(3) requires counsel to promptly inform its clients about material developments in the matter.

N.Y. Rules of Professional Responsibility Rule 1.4(a)(3) requires counsel to keep clients reasonably informed about the status of the matter.

Thomas & Solomon violated Rules 7.3, 1.4, and 1.7 of the New York Rules of Professional Conduct, warranting disqualification.

As discussed *supra*, on March 23, 2017, prior to commencing this action, Owens received an unexpected, unsolicited and random telephone call from Attorney Cressman, an attorney with Thomas & Solomon, who Owens did not know at the time that she received the call, which resulted in the commencement of this action.

After improperly soliciting Owens to commence this action, Thomas & Solomon LLP was not finished with its solicitations of employees of the Hotel.  In June, 2016, shortly after this lawsuit was commenced, Thomas & Solomon LLP sent solicitation letters to current and former employees of the Hotel.  See Felsen Decl., ¶ 3.[2]  However, Thomas & Solomon LLP's additional

---

[2] Defendants previously filed a motion for sanctions concerning these solicitations arguing that the solicitation letters sent by Thomas & Solomon LLP falsely made the recipients believe that they were not paid the minimum wage rate based on Thomas & Solomon LLP's incorrect legal

4

solicitations were performed at Owens' expense by delaying her case so that Thomas & Solomon LLP could attempt to obtain additional clients solely for Thomas & Solomon LLP's personal financial gain. Thomas & Solomon LLP solicited Owens before the lawsuit was commenced and continued to solicit individuals to join this case early in the litigation <u>for the financial benefit of Thomas & Solomon LLP</u>. The plaintiffs at the time the solicitation letters were distributed – Owens and Carollo – gained nothing financially, and, in fact, they suffered financially because Thomas & Solomon LLP's solicitations, which resulted in them being retained by additional clients, prevented Owens and Carollo from potentially resolving their claims early in the litigation.

The testimony from the depositions of Plaintiffs and the opt-ins taken so far further establishes the conflict of interest that exists between Thomas & Solomon LLP and the Plaintiffs and the opt-ins. Plaintiffs commenced this action wherein they allege, *inter alia*, that Defendants violated N.Y. Labor Law § 196-d because Defendants allegedly failed to notify their customers that 40% of a 20% mandatory service charge that customers were required to pay to the Hotel for banquet events would be kept by the Hotel to cover labor and administrative costs and would not be distributed to the service employees who worked the banquet events (unlike the 60% of the 20% mandatory service charge which Plaintiffs concede was distributed to the service employees of the Hotel who worked banquet events). However, Owens and opt-in plaintiffs Andrea Bibik ("Bibik") and Scot Raymond ("Raymond") each testified that during their employment with the Hotel, they never saw any contracts between Defendants and customers and have no idea what customers were told verbally or in writing by the Hotel concerning the breakdown of the mandatory service charge. <u>See</u> Felsen Decl., Exh. B, Owens Dep. at 57:1-58:24, 65:14-66:1;

---

conclusion that "mandatory service charges cannot be used to satisfy the tip credit". The court disagreed and denied Defendants' motion.

Exh. C, Bibik Dep. at 18:1-18:4, 20:23-26:6, 52:17-53:12; Exh. D. Raymond Dep. at 36:14-36:19, 39-20-41:19, 44:7-45:1.

When Owens, Bibik, and Raymond at their depositions were shown documents signed by customers establishing that customers knew that 40% of the 20% mandatory service charge would be kept by the Hotel to cover labor and administrative costs, Owens, Bibik, and Raymond each testified that it was the first time they saw these documents (even though these documents were produced by Defendants counsel to Plaintiffs' counsel during discovery approximately one (1) month before the depositions). See Felsen Decl., Exh. B, Owens Dep. at 20:6-20:13; Exh. C, Bibik Dep. at 20:23-21:11; Exh. D, Raymond Dep. at 41:20-42:9; Felsen Decl. ¶ 7.

Upon information and belief, in violation of the N.Y. Rules of Professional Responsibility, Thomas & Solomon LLP has intentionally not showed Plaintiffs and the opt-ins the documents signed by customers to prevent Plaintiffs and the opt-ins from making an informed decision as to whether they want to withdraw their N.Y. Labor Law § 196-d claim.

Additionally, Plaintiffs' fundamental lack of understanding as to the basis for their claim under N.Y. Labor Law § 196-d is further evidence of the conflict of interest between them and their counsel. Indeed, Owens testified that the basis for her N.Y. Labor Law § 196-d claim is that she feels she should have been given the full 20% service charge because she worked other places that gave the employees the full mandatory service charge. See Felsen Decl. Exh. C, Owens Dep. at 21:9-23:2, 51:19-22.[3] Similarly, Raymond testified that he should have been paid the full mandatory service charge because he gets the full mandatory service charge at his current

---

[3] An employer is not prohibited from retaining all or a portion of a mandatory service charge. See Ahmed v. Morgans Hotel Group Mgt., LLC, 2017 N.Y. Misc. LEXIS 638 (N.Y. Sup. Ct. Feb. 27, 2017) (granting employer's motion for summary judgment where the employer produced evidence establishing customers were aware of the breakdown of the mandatory gratuity and administrative charge and the plaintiff was unaware of customers not expressly being made aware of the breakdown of the mandatory gratuity and administrative charge).

6

job (and he does not know if he was legally entitled to the full mandatory service charge from the Hotel).[4]  See Felsen Decl. Exh. D, Raymond Dep. at 20:17-22.  Bibik testified that she decided to join this lawsuit without any knowledge of what customers were told and without seeing or knowing about the contracts the customers signed.  See Felsen Decl. Exh. B, Bibik Dep. at 22:21-23:6.

Therefore, Plaintiffs and the opt-ins commenced this action without any factual basis to support their N.Y. Labor Law § 196-d claim.  It cannot be any clearer that Thomas & Solomon solicited Plaintiffs and the opt-ins to commence this action without any factual basis in support of the N.Y. Labor Law § 196-d claim.  Thomas & Solomon' strategy in this litigation is to assert allegations without any factual basis and then engage in a fishing expedition during discovery in the hopes of finding evidence to support Plaintiffs' N.Y. Labor Law § 196-d claim.

Similarly, in Pruell v. Caritas Christi, 2013 U.S. Dist. LEXIS 187514 (D. Mass. May 31, 2013), a case in which Thomas & Solomon LLP represented the plaintiffs, two (2) of the plaintiffs testified at their depositions that statements they made in their affidavits (and the

---

[4] Raymond also testified that he is not claiming he was not paid the proper minimum wage or overtime rate –which are other claims asserted in the Complaint.  See Felsen Decl., Exh. D, Raymond Dep. at 18-19.

It must be further noted that Attorney Cressman attempted to coach Raymond during his deposition by pointing him to a specific section of his interrogatory response that would allow him to answer the question in the manner she desired.  Defense counsel asked Raymond at his deposition why he said in response to interrogatory no. 10 that "certain documents like menus represented that the entire amount of the service charge was a gratuity."  Attorney Cressman pointed on several occasions to Raymond's reference in his interrogatory response to "(*see* P001760-P001763)" that followed the response "certain documents like menus represented that the entire amount of the service charge was a gratuity" and included in parenthesis.  See Felsen Decl., Exh. D, Raymond Dep. at 36:21-37:3; 38:3-39:17, Exh. G.  Clearly, Attorney Cressman wanted Raymond to answer the question by referring to documents P001760-P001763.  Fortunately, Raymond, who, based on his deposition testimony, has no understanding as to what this lawsuit (that he decided to join after being solicited by Thomas & Solomon based on legal misrepresentations) is about, was unable to realize that Attorney Cressman was coaching him.

affidavits of other plaintiffs), which were submitted to the court by their counsel, Thomas & Solomon LLP, in support of a motion for class certification, were false. The Pruell court sanctioned Thomas & Solomon LLP for this egregious violation of professional ethics. In sanctioning Thomas & Solomon LLP and its clients, the Pruell court struck all of the affidavits, issued financial sanctions against Thomas & Solomon LLP, and struck Plaintiffs' collective action allegations from the complaint.

Thomas & Solomon LLP previously engaged in improper conduct in another case in an attempt to obtain additional clients. See Felsen Decl. Exh. F, Hacket v. Montefiore Health System Inc., 12-cv-2682 (S.D.N.Y.)(J. Crotty). In Hacket, the court found that Thomas & Solomon LLP made false, deceptive, and misleading statements about the litigation to potential class members and on its website, including the false statement that the court granted a motion for class certification which, in reality, was never granted. Thomas & Solomon LLP also told potential class members that they should contact Thomas & Solomon LLP if they did not receive a notice from the Court about the class certification motion – which Thomas & Solomon LLP knew the individuals would not have received since, in reality, no such notice from the Court was issued, as the class action was never certified by the Court.

Although the Court denied Defendants' prior motion in this action regarding Thomas & Solomon LLP's alleged improper solicitations, the solicitation letters previously sent by Thomas & Solomon LLP (which Defendants believe contained false information) should be considered again by the Court in the instant motion. See Dixon-Gales v. Brooklyn Hosp. Ctr., 35 Misc. 3d 676, 683 (N.Y. Sup. Ct. Kings 2012) citing Rivera v. Lutheran Med. Ctr., 866 N.Y.S. 2d 520 (2008), *affd* 73 A.D.3d 891 (2d Dep't 2010)) (holding that courts should consider an attorney's

8

history of impropriety in a litigation when faced with a subsequent motion for disqualification). The Court should also consider Thomas & Solomon LLP's conduct in Pruell and Hackett.

In Rivera v. Lutheran Medical Center, defense counsel improperly solicited witnesses on behalf of the defendant to gain a tactical advantage in the litigation by insulating them from any informal contact with plaintiff's counsel.  The court disqualified defense counsel due to its improper solicitation of witnesses.  Rivera, 866 N.Y.S. 2d at 525-27 (Sup. Ct. Kings 2008) affd 73 A.D.3d 891 (2d Dep't 2010).

In this case, Thomas & Solomon LLP's egregious conduct violates the New York Rules of Professional Conduct and warrants disqualification.  Based on the deposition testimony of Owens, it is clear that Thomas & Solomon engaged in "cold-calling" Owens (and likely other employees of the Hotel) to solicit its legal services directly to individuals to commence a lawsuit against the Hotel asserting a violation of N.Y. Labor Law § 196-d without any factual evidence to support a claim.[5]  Thomas & Solomon also failed to inform Plaintiffs and the opt-ins about developments in this case to allow them to make informed decisions about the litigation.  As such, disqualification of Thomas & Solomon is warranted.

Accordingly, Defendants respectfully request that the Court enter an Order disqualifying Thomas & Solomon from representing Plaintiffs and the opt-ins and any additional individuals in this action.

## **CONCLUSION**

---

[5] On Thomas & Solomon's website, they have a page devoted to claims against hotels for banquet service charges.
http://www.theemploymentattorneys.com/Class-Action-Lawsuits/Banquet-Service-Employee-Class-Actions.shtml

9

Based on the foregoing, Defendants respectfully request that the Court issue an Order granting this motion to disqualify Thomas & Solomon from representing any Plaintiffs or opt-ins in this matter and further relief as the Court deems just and proper.

Dated: Lake Success, New York
April 13, 2017

MILMAN LABUDA LAW GROUP, PLLC

<u>Jamie S. Felsen, Esq.</u>
Jamie S. Felsen, Esq.
Attorneys for Defendants
3000 Marcus Ave., Suite 3W8
Lake Success, NY  11042
(516) 328-8899

10