UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEANNA CAROLLO and DIANA J. OWENS,                16 CV 0013 (DNH) (TWD)
on behalf of themselves and all other employees
similarly situated,

                Plaintiffs,


    -against-


UNITED CAPITAL CORP., AFP MANAGEMENT
CORP., and AFP 101 CORP.,

                Defendants.
-------------------------------------------------------------------X



DEFENDANTS' MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS
<u>CERTIFICATION</u>




Robert F. Milman, Esq.
Jamie S. Felsen, Esq.
John M. Harras, Esq.
MILMAN LABUDA LAW GROUP PLLC
*Attorneys for Defendants*
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042
(516) 328-8899

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STANDARD ........................................................................................................................ 3

ARGUMENT ....................................................................................................................... 4

    **POINT I**
    **PLAINTIFFS' MOTION SHOULD BE DENIED AS MOOT** ................................................ 4

    **POINT II**
    **PLAINTIFFS CANNOT ESTABLISH THE REQUISITE RULE 23 ELEMENTS AND THEIR**
    **MOTION MUST BE DENIED** .......................................................................................... 5

    **POINT III**
    **PLAINTIFFS CANNOT ESTABLISH THE FRCP 23(b) REQUIREMENTS** .......................... 20

    **POINT IV**
    **EVEN ASSUMING ARGUENDO THAT PLAINTIFFS' MOTION IS GRANTED, THE**
    **PROPOSED NOTICE IS INSUFFICIENT** .......................................................................... 24

CONCLUSION ................................................................................................................... 26

# TABLE OF AUTHORITIES

## Cases

Alix v. Wal-Mart Stores, Inc., 57 A.D.3d 1044 (N.Y. App. Div. 3d Dep't 2008) .......................................22

Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997). ...........................................................18, 21

Amgen Inc. v. Conn. Ret. Plans & Trust Funds, 133 S. Ct. 1184 (Feb. 27, 2013). .......................................4

Andrade v. 168 First Ave Rest. Ltd., 2016 U.S. Dist. LEXIS 72678 (S.D.N.Y. June 3, 2016)..................14

Bano v. Union Carbide Corp., 2005 U.S. Dist. LEXIS 32595 (S.D.N.Y. Aug. 12, 2005) ..................................17

Brame v. Ray Bills Finance Corp., 76 F.R.D. 25 (N.D.N.Y. 1977) ..............................................................19

Califano v. Yamasaki, 442 U.S. 682, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979). ..........................................3

Carvente-Avila v. Chaya Mushkah Rest. Corp., 2016 U.S. Dist. LEXIS 75396
 (S.D.N.Y. Mar. 1, 2016) ........................................................................................................... 10, 11

Catzin v. Thank You & Good Luck Corp., 15-cv-7109 (S.D.N.Y. Oct. 3, 2016) .........................................6

Cohen v. Beneficial Indus, Loan Corp., 337 U.S. 541 69 S. Ct. 1221, 93 L. Ed. 1528 (1949) .................. 18

Comcast Corp. v. Behrend, 133 S. Ct. 1426 (Mar. 27, 2013).......................................................................22

Changxing Li v. Kai Xiang Dong, 2017 U.S. Dist. LEXIS 32222 (S.D.N.Y. Mar. 7, 2017) .................... 14

Dauphin v. Chestnut Ridge Transp., Inc., 2009 U.S. Dist. LEXIS 74483
 (S.D.N.Y. Aug. 20, 2009)…………………………………………………………………………………22

Denney v. Deutsche Bank AG, 443 F.3d 253 (2d Cir. 2006) ..................................................................... 18

Ellersick v. Monro Muffler Brake, Inc., 2017 U.S. Dist. LEXIS 49841
 (W.D.N.Y. Mar. 31, 2017)...........................................................................................................4,8

Engel v. Scully & Scully, Inc., 279 F.R.D. 117 (S.D.N.Y. 2011) ............................................................ 16

Enriquez v. Cherry Hill Mkt. Corp., 993 F. Supp. 2d 229 (E.D.N.Y. 2013) ................................................8

Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113 (S.D.N.Y. 2011).............................................................. 17

Flood v. Just Energy Mktg. Corp., 2017 U.S. Dist. LEXIS 60337
 (S.D.N.Y. Jan. 20, 2017)...............................................................................................................5

Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 102 S.
 Ct. 2364, 72 L. Ed. 2d 740 (1982). .......................................................................................3,7,8

Gold v. N.Y. Life Ins. Co., 730 F.3d 137 (2d Cir. 2013)............................................................................14

Gregory v. Stewart's Shops Corp., 2016 U.S. Dist. LEXIS 89576 (N.D.N.Y. July 8, 2016) .................... 15

Guan Ming Lin v. Benihana N.Y. Corp., 2012 U.S. Dist. LEXIS 186526 (S.D.N.Y. Oct. 23, 2012)........ 14

Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008). ........................26

Hinckley v. Seagate Hospitality Grp., LLP, 2016 U.S. Dist. LEXIS 152799 (W.D.N.Y. Nov. 2, 2016)... 14

Inclan v. New York Hospitality Grp., Inc., 95 F. Supp. 3d 490 (S.D.N.Y. 2015) ......................................14

Initial Pub. Offerings Sec. Litig., 471 F.3d 24 (2d Cir. 2006) .....................................................................3

Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec. Indus.,
 172 F. Supp. 2d 389, (S.D.N.Y. 2001).........................................................................................6

Johnson v. Nextel Commc'ns Inc., 780 F.3d 128 (2d Cir.2015) .................................................................21

Kiobel v. Royal Dutch Petroleum Co., 2004 U.S. Dist. LEXIS 28812
 (S.D.N.Y. Mar. 31, 2004) ..............................................................................................................17

Kline v. Wolf, 702 F.2d 400 (2d Cir. Mar. 11, 1983)................................................................................20

Lozano v. Rugfrit, 1350 LLC, 2015 N.Y. Misc. LEXIS 1451 (N.Y. Sup. Ct. Apr. 27, 2015). ............ 10,13

Mark v. Gawker Media LLC, 2016 U.S. Dist. LEXIS 41817 (S.D.N.Y. Mar. 29, 2016).............................5

Menking v. Daines, 287 F.R.D. 166 (S.D.N.Y. Dec. 9, 2011) ......................................................................18

Miles v. Merrill Lynch & Co. ("IPO") 471 F. 3d 24, (2d Cir. 2006)...........................................................17

Moore v. PaineWebber, Inc., 306 F.3d 1247 (2d Cir. 2002) .......................................................................22

Moreno v. Future Care Health Servs., Inc., 2015 N.Y. Misc. LEXIS 3371
   (N.Y. Sup. Ct. May 4, 2015)....................................................................................................................14

Murphy v. Lajaunie, 2016 U.S. Dist. LEXIS 37137  (S.D.N.Y. Mar. 21, 2016).......................................9

Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2009).....................................................................................3

Noble v. 93 Univ. Place Corp., 224 F.R.D. 330 (S.D.N.Y. 2004 ...............................................................17

Ouedraogo v. A-1 Int'l Courier Serv., 2014 U.S. Dist. LEXIS 132156 (S.D.N.Y. Sept. 18, 2014), ...........9

PAL v. Sandal Wood Barn Grill, Inc., 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015) ...............26

Pecere v. Empire Blue Cross & Blue Shield, 194 F.R.D. 66 (E.D.N.Y. 2000) ...........................................4

Policemen's Annuity & Benefit Fund of Chi. v. Bank of Am., NA, 2014 U.S. Dist. LEXIS 66442
   (S.D.N.Y. May 2, 2014)............................................................................................................................5

Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co., 277 F.R.D. 97 (S.D.N.Y. 2011) ...............5,6

Roach v. T.L. Cannon Corp., 2013 U.S. Dist. LEXIS 47268 (N.D.N.Y. Mar. 4, 2013) ............................20

Robidoux v. Celani, 987 F.2d 931 (2d Cir. 1993) .......................................................................................6

Salon Fad v. L'Oreal USA, Inc., 2011 U.S. Dist. LEXIS 103936 (S.D.N.Y. Sept. 14, 2011).....................8

Savino v. Computer Credit, 164 F.3d 81 (2d Cir. Dec. 21, 1998) .............................................................19

Schear v. Food Scope Am., Inc., 297 F.R.D. 114 (S.D.N.Y. 2014). ...........................................................9

Severin v. Project OHR, Inc., 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012)...........................23

Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010)......................................26

Shayler v. Midtown Investigations, Ltd., No. 12 CIV. 4685 KBF, 2013 WL 772818
 (S.D.N.Y. Feb. 27, 2013) ..........................................................................................................................6

Sheehan v. Purolator, Inc., 103 F.R.D. 641 (E.D.N.Y. Dec. 26, 1984). ..................................................6,20

Velasquez v. Digital Page, Inc., 303 F.R.D. 435 (E.D.N.Y. 2014).............................................................8

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S. Ct. 2541,
   180 L. Ed. 2d 374 (2011).............................................................................................................3,4,6,7,8,16

Wilson v. Toussie, 2008 U.S. Dist. LEXIS 25469 (E.D.N.Y. Mar. 31, 2008) ...........................................17,18

Zemel Family Trust v. Philips Int'l Realty Corp., 205 F.R.D. 434 (S.D.N.Y. Feb. 5, 2002).....................19

Zhirzhan v. AGL Industries, Inc., 14-7567(E.D.N.Y. Sept. 15, 2015)…………………………………26

Zurita v. High Definition Fitness Ctr., Inc., 2016 U.S. Dist. LEXIS 76074 (E.D.N.Y. June 9, 2016).......14

## Statutes

Fed. R. Civ. Proc. 23....................................................................................................................1,4,5

Fed. R. Civ. P. 23(a)……………………………………………………………………………3,4,5,

Fed. R. Civ. P. 23(a)(1)…………………………………………………………………………….5

Fed. R. Civ. P. 23(a)(2)…………………………………………………………………………….9

Fed. R. Civ. P. 23(b)(3)(A) & (D) ...........................................................................................3,4,22

Fed. Rule Civ. Proc. 23(g)(1)(B) ................................................................................................18

Fed. R. Civ. P. 23(a)(4)……………………………………………………………………………18

NYLL § 195.........................................................................................................10,11,13,14,15,25

NYLL § 195(3) ..............................................................................................................................9

NYLL § 196-d....................................................................................................................2, 9, 10, 20

NYLL § 198.................................................................................................... 11, 14, 15, 25

NYLL § 198(1-b)................................................................................................... 14

NYLL § 652(4) ..................................................................................................... 10

## PRELIMINARY STATEMENT

Plaintiffs' motion for class certification under Fed. R. Civ. Proc. 23 should respectfully be denied.

As a threshold matter, the Court should grant Defendants' pending motion for summary judgment which would moot Plaintiffs' motion to certify a class under Rule 23.

Even assuming *arguendo* that Defendants' motion for summary judgment is denied in whole or in part (which it should not), Plaintiffs are unable to establish the requisite Rule 23 elements.

First, Plaintiffs cannot establish numerosity because their counsel already solicited the putative class members in June 2016 and only a few of those individuals joined this lawsuit over the past year. This demonstrated lack of interest in this lawsuit from putative class members evinces that there are not 40 or more individuals who have been aggrieved. Additionally, Plaintiffs have not established that they or anybody else have actually been aggrieved by any of Defendants' policies. As explained in Defendants' pending motion for summary judgment, Plaintiffs and the opt-ins have not been aggrieved. Additionally, putative class members who were hired after the lawsuit was commenced agreed to arbitrate all claims they have against Defendants on an individual basis.

Second, Plaintiffs cannot establish commonality and typicality. The only commonality in the answers to the factual and legal questions regarding the claims that Plaintiffs seek to have certified is that the answers to the questions will all be in the negative with respect to liability. Even assuming *arguendo* that the answer to the questions regarding the claims that Plaintiffs seek to have certified are not all in the negative with respect to liability, an individualized assessment of each putative class member must be undertaken which would uncover different answers for members of the purported class.

Third, Plaintiffs cannot establish that the class is ascertainable because, in order to ascertain who is a class member, the Court would be forced to conduct a mini-trial with respect to each purported class member to determine (1) if that employee worked a banquet event at which the customer was not notified about a portion of the mandatory service charge that was retained by the Radisson Utica Center Hotel (the "Hotel"); (2) if that employee worked as a server in the Hotel's restaurant; (3) the amount that employee received in mandatory service charge distributions and tips; (4) if that employee received notification of the tip credit; and (5) if that employee received a wage notice containing all of the required information.

Fourth, the two proposed class representatives and their counsel are not adequate representatives. Indeed, pending before the Court is a motion to disqualify Plaintiffs' counsel for improperly soliciting Diana Owens ("Owens") and failing to provide or even inform the Plaintiffs and opt-ins about damaging evidence that was disclosed by Defendants during discovery because of a conflict of interest between Plaintiffs' counsel and Plaintiffs.

Owens is not an adequate class representative because she is dishonest, as evidenced by her deposition testimony wherein she conceded that the customers identified in her interrogatory responses as individuals who were unaware that the Hotel kept a portion of the mandatory service charge actually, in reality, and contrary to her verified interrogatory responses, signed documents confirming they were aware of the same. Owens' deposition testimony also establishes that she does not understand the legal basis for her claim under NYLL § 196-d.

The other proposed class representative – Deanna Carollo ("Carollo") – is likewise an inadequate class representative. Carollo, who worked as Assistant Food & Beverage Director at the Hotel, was an employer under the NYLL. Therefore, she is liable for alleged unpaid wages owed to the class which creates a conflict of interest between her and the purported class. Additionally, unlike the other Plaintiff/opt-ins, no tip credit was taken from Carollo's wages and

she was paid an hourly wage rate (exclusive of mandatory service charge distributions and tips) that was substantially more than the minimum wage.

Fifth, Plaintiffs cannot establish the Rule 23(b) predominance and superiority requirements because if any of the Plaintiffs/opt-ins were not paid lawfully, such a finding has no bearing on a hypothetical claim for unpaid wages by other employees and there is a need for numerous individualized determinations with respect to every putative class member to determine liability, if any, making Plaintiffs' proposed class action unmanageable.

Even if Plaintiffs' motion is granted (which it should not), Plaintiffs' proposed notice has several significant deficiencies as discussed herein.

**STANDARD**

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Califano v. Yamasaki, 442 U.S. 682, 700-01. "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2009). A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(**a**) have been satisfied." The Rule 23 inquiry may overlap with the merits of the underlying claims. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011). When this occurs, courts are to consider the merits questions only to the extent "they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." Amgen Inc. v. Conn. Ret. Plans & Trust Funds, 133 S. Ct. 1184 (Feb. 27, 2013).

Rule 23(a) sets out four threshold requirements for certification, and to maintain a class action, all four of these requirements must be met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the

claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The "failure to meet any one of Rule 23's requirements destroys the alleged class action." Pecere v. Empire Blue Cross & Blue Shield, 194 F.R.D. 66, 69-70 (E.D.N.Y. 2000). Rule 23 does not set forth a mere pleading standard. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule." Dukes; see also IPO, 471 F.3d at 41 ("[A] district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met.").

If Plaintiffs demonstrate by a preponderance of the evidence that the proposed class meets these standards, the Court then must determine whether the action satisfies one of the criteria of Rule 23(b). Under Rule 23(b), a party may only maintain a class action by demonstrating that: (1) bringing the claims as separate actions would create a risk of inconsistent or adverse adjudications; (2) the party opposing the class has acted or refused to act on grounds that apply to the class in general, making injunctive or declaratory relief appropriate for the class as a whole, or (3) that common questions of fact or law predominate over any individual questions and that a class action is a superior method of efficiently and fairly adjudicating the matter. Ellersick v. Monro Muffler Brake, Inc., 2017 U.S. Dist. LEXIS 49841, 27-28 (W.D.N.Y. Mar. 31, 2017).

## ARGUMENT

### POINT I

### PLAINTIFFS' MOTION SHOULD BE DENIED AS MOOT

On the same day, but prior to Plaintiffs filing the instant motion for class certification, Defendants filed a motion for summary judgment with respect to all claims that Plaintiffs seek to certify as a class under Rule 23. (See ECF doc. nos. 68-70). Because Defendants' motion for

summary judgment should be granted, Plaintiffs' motion for class certification should be denied as moot.  See Flood v. Just Energy Mktg. Corp., 2017 U.S. Dist. LEXIS 60337, *24 (S.D.N.Y. Jan. 20, 2017).

## POINT II

## PLAINTIFFS CANNOT ESTABLISH THE REQUISITE RULE 23 ELEMENTS AND THEIR MOTION MUST BE DENIED

Even assuming *arguendo* that Defendants' motion for summary judgment is not granted in its entirety, making the instant motion moot, Plaintiffs are unable to demonstrate the requisite elements of Rule 23, as discussed below.

### A.  Plaintiffs have failed to establish the prerequisites of Rule 23(a)

#### 1.  Plaintiffs Cannot Establish That the Class Is Numerous

Plaintiffs argue that numerosity is met because there were at least 40 banquet and restaurant service workers during the relevant period.  However, this is not the standard for meeting the numerosity requirement.

Rule 23(a)(1) requires the Plaintiffs to show that the class they propose is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The Court's "[d]etermination of practicability depends on all the circumstances surrounding the case, not on mere numbers."  Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co., 277 F.R.D. 97, 104 (S.D.N.Y. 2011) (quoting Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993)).  "Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." Id.

The numerosity requirement can only be met by a proposed class of individuals who have actually been *aggrieved* by the conduct forming the basis of the complaint.  See Sheehan v. Purolator, Inc., 103 F.R.D. 641, 649 (E.D.N.Y. 1984).  On a more granular level,  "[a]lthough the court may make common sense assumptions to support a finding of numerosity, it cannot do so on the basis of pure speculation without any factual support." Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec. Indus., 172 F. Supp. 2d 389, 394 (S.D.N.Y. 2001) (internal quotations and citations omitted).

In this case, in June 2016, Plaintiffs' counsel sent solicitation letters to forty-seven (47) potential class members after which time only seven (7) of those individuals opted into this lawsuit.  "This severely undermines the notion that joinder is an impracticable alternative to Rule 23 class certification." Catzin v. Thank You & Good Luck Corp., 15-cv-7109 (S.D.N.Y. Oct. 3, 2016)(ECF Doc. No. 182) (J. Forrest) (numerosity not met where only three of the sixty-five potential class members chose to opt-in to plaintiffs' FLSA collective action alleging similar claims of underpayment of minimum wage and overtime wages) citing Shayler v. Midtown Investigations, Ltd., No. 12 CIV. 4685 KBF, 2013 WL 772818, at *7 (S.D.N.Y. Feb. 27, 2013) ("Since all but a few of the plaintiffs known about have already received specific notice of the FLSA opt-in class and have not chosen to join, it is not at all clear that there is any judicial economy to be gained from litigating this matter as a Rule 23 class (which Wal–Mart [v. Dukes] reminds us should be the exception and not the rule")).

The lack of a substantial response to the solicitation letter is the strongest evidence that there are not 40 or more individuals who have been aggrieved.  If the number of aggrieved individuals were sufficiently numerous, then other employees would have opted into this case upon receipt of the solicitation letter; but they did not.

6

Defendants' pending motion for summary judgment is further evidence that potential class members have not been aggrieved.  Plaintiffs argue that there are at least 37 banquet service workers and 29 restaurant service employees.[1]  However, they do not argue or provide any evidence that Plaintiffs/opt-ins and these putative class members were aggrieved by Defendants' policies.[2]  Additionally, many potential class members who were hired after the lawsuit was commenced agreed to arbitrate all claims they have against Defendants on an individual basis.[3]  These individuals must be excluded from the numerosity analysis.

Accordingly, Plaintiffs motion should be denied as they cannot establish numerosity.

> **2.  Plaintiffs Cannot Show That There Are Claims That Enumerate Specific Questions Of Law Or Fact Common To The Putative Class or That Their Claims are Typical of the Members of the Putative Class**

The commonality and typicality requirements "tend to merge" into a single inquiry: "[W]hether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their  absence." Dukes, 131 S. Ct. at 2551 n.5 quoting Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, n.13 (U.S. 1982).

To obtain class certification, the plaintiff must demonstrate that "the class members 'have suffered the same injury.'" Enriquez v. Cherry Hill Mkt. Corp., 993 F. Supp. 2d 229 (E.D.N.Y. 2013) quoting Falcon, 457 U.S. at 157; Dukes, 131 S. Ct. at 2550 .  "This does not mean merely that they have all suffered a violation of the same provision of law."  Dukes at 2551.  Rather, the class claims "must depend upon a common contention . . . of such a nature that it is capable of

---

[1] Plaintiffs blame the Court for Plaintiffs' inability to identify the number of putative class members because the Court denied their motion to compel Defendants to produce the identity of every putative class member and payroll information for them.  (Plaintiffs' MOL at 10).  However, Plaintiffs never asked Defendants how many banquet servers, restaurant service workers, and hourly employees they employed during the relevant period.

[2] Plaintiffs seek class certification against all three Defendants, but Plaintiffs fail to explain why certification is appropriate against any of the Defendants.  Plaintiffs fail to proffer any admissible evidence establishing that they were employed by any of the Defendants or that each of the Defendants violated the NYLL.

[3] After the Complaint was commenced on January 5, 2016, the Hotel has hired 72 employees, 20 of which are servers (17 in the restaurant, and 3 for banquets) all of whom signed arbitration agreements.

classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. "What matters to class certification ... is not the raising of common "questions"—even in droves—but, rather the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Id; see also Salon Fad v. L'Oreal USA, Inc., 2011 U.S. Dist. LEXIS 103936 (S.D.N.Y. Sept. 14, 2011) (following Duke's analysis in denying class certification).

In Enriquez, the Court denied plaintiff's motion for class certification because the answers to the questions concerning whether the putative class was paid minimum wage and overtime in accordance with NYLL were individualized depending entirely on each employee's total pay and total hours worked for a given week and adjudication of the plaintiff's claim would not answer those questions for any other employee. Enriquez, 993 F. Supp. 2d at 235.

Similarly, in Ellersick v. Monro Muffler Brake, Inc., 2017 U.S. Dist. LEXIS 49841 (W.D.N.Y. Mar. 31, 2017) and Velasquez v. Digital Page, Inc., 303 F.R.D. 435 (E.D.N.Y. 2014), the courts denied motions for class certification because individualized analyses would need to be conducted concerning each class members' weekly compensation to determine if the overtime exemption under 29 U.S.C. 207(i) existed for each class member and such individualized determinations would predominate over the entire case and make the cases unmanageable and chaotic.

Likewise, in Ouedraogo v. A-1 Int'l Courier Serv., 2014 U.S. Dist. LEXIS 132156 (S.D.N.Y. Sept. 18, 2014), the plaintiffs failed to prove by a preponderance of the evidence that the plaintiffs' status as employees was sufficiently capable of classwide proof to satisfy the requirement of commonality under Rule 23(a)(2) because there was evidence that the amount of

control exerted by the defendant over the purported employees varied from individual to individual.

In this case, there is no evidence that Defendants had common policies that violated the NYLL.  Moreover, as discussed below, individualized analyses of each member of the putative class must be conducted in order to obtain answers to each of the issues that Plaintiffs seek to have certified as a class action.

### a.  Claim That Defendants Did Not Pay Minimum Wage

Plaintiffs' claim – that Defendants were not permitted to take a tip credit under NYLL because they (1) violated NYLL § 196-d; (2) did not list all allowances or credits claimed on employee wage statements; and (3) did not provide each employee a written notice in accordance with NYLL § 195(3) containing the tip credit amount – fails to take into account that under NYLL, so long as the employee receives at least the minimum wage after combining all of the employee's wages earned for the week, including hourly wages and tips (which include mandatory service charge distributions), the employer does not lose the ability to take the tip credit.  See Murphy v. Lajaunie, 2016 U.S. Dist. LEXIS 37137 *17-19 (S.D.N.Y. Mar. 21, 2016) (citations omitted); Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 133 (S.D.N.Y. 2014).[4]

In this case, the hourly pay of the Plaintiffs combined with their tips and their receipt of the mandatory service charges from banquet events exceeded the applicable minimum wage rate for Plaintiffs and the opt-ins.  Assuming *arguendo* that Defendants violated NYLL § 196-d and/or failed to provide notice[5] (neither of which they violated), there was an extremely limited

---

[4] Plaintiffs' argument that "[i]t is beyond dispute that the hourly banquet and restaurant service workers at the hotel are all paid at a subminimum wage or tip credit rate (Plaintiffs' MOL at 3) is inaccurate.  Indeed, throughout most of the employment of proposed class representative Carollo, she was paid an hourly wage rate substantially greater than the tip credit rate.  (See SOF ¶ 3, Tuohy Decl. Exh. B, Time and Pay Records", D00010-D00011).

[5] As discussed in Defendants' motion for summary judgment, strict compliance with 12 NYCRR § 146-2.2 is not required, and a food service employer is eligible to claim the tip credit even when the employer fails to provide written notice of the tip credit rules where its employees understand the manner in which the employer took the tip

number of instances where hourly wages, tips and the receipt of the mandatory service charges did not bring some of the plaintiffs above the minimum wage rate resulting in a maximum exposure of approximately $500 combined for three (3) of the ten (10) Plaintiffs/opt-ins for the entire six (6) year period ($54.28 for Owens, $70.04 for Kula, and $400.46 for Romanelli). (SOF ¶ 17; Felsen Decl. Exh. T).[6]  Therefore, even assuming *arguendo* that Defendants violated NYLL § 196-d or failed to provide proper notice, the answer to the question concerning whether Plaintiffs were paid the minimum wage does not yield common answers.  Indeed, seven (7) of the ten (10) Plaintiffs/opt-ins received at least the NYLL minimum wage rate for all hours worked.  (Id.)

Additionally, at their depositions, Raymond, Owens, and Bibik each conceded that they received notice of the tip credit.  (SOF ¶ 9-11, 39-40).[7]  Moreover, despite arguing in their brief

---

credit.  See ECF Doc. No. 69, Exh. S, Department of Labor March 4, 2015 letter; Carvente-Avila v. Chaya Mushkah Rest. Corp., 2016 U.S. Dist. LEXIS 75396, *3-4 (S.D.N.Y. Mar. 1, 2016); Lozano v. Rugfrit, 1350 LLC, 2015 N.Y. Misc. LEXIS 1451 (N.Y. Sup. Ct. Apr. 27, 2015).

Moreover, NYLL § 652(4), which addresses minimum wage requirements under NYLL, does not provide for a notice requirement in order to pay an employee a wage less than the minimum wage.  The New York State Legislature enacted separate legislation that governs the notice that employers must provide their employees regarding their wages.  See NYLL § 195.

Plaintiffs, who argue that there is an automatic loss of the tip credit if the wage statement fails to include the per-hour amount of the tip credit and the total amount of the tip credit, apparently overlooked the March 4, 2015 Department of Labor letter and Carvente-Avila v. Chaya Mushkah Rest. Corp., 2016 U.S. Dist. LEXIS 75396, *3-4 (S.D.N.Y. Mar. 1, 2016).  The DOL and the Court in Carvente-Avila concluded that an employer does not lose the tip credit where employees have actual notice of their employer's tip credit practices (which notice does not need to be provided through wage statements).

As addressed in Defendants' motion for summary judgment, Plaintiffs had actual notice of the tip credit as they were given written notice by the Hotel about the tip credit on a document entitled "Notice of Pay Rates and Pay Day," on LS 54 forms, on labor law posters, and they were given verbal notice by the Human Resources department. (SOF ¶ 39-40).

[6] "SOF ¶ __" refers to Defendants' Statement of Undisputed Facts submitted to the Court on May 15, 2017 (ECF Doc. No. 68).

[7] As discussed in Defendants' motion for summary judgment, even assuming *arguendo* that Defendants failed to provide wage statements under NYLL § 195, violations of NYLL § 195 have their own statutory damages explicitly detailed in NYLL § 198, which currently caps damages for each violation of NYLL § 195 at $5,000 with no mention of tip credit loss.  Under the textual canon, *expression unius est exclusion alterios*, since NYLL § 198 only expresses monetary fines of up to $5,000 as damages for NYLL § 195 violations, the loss of the tip credit is not available as a penalty for such violations.  Indeed, in Carvente-Avila, the court distinguished between a violation of NYLL § 195

that Defendants failed to notify any of the ten (10) Plaintiffs/opt-ins about their tip credit in writing (Plaintiffs' MOL at 4), Plaintiffs/opt-ins Owens, Hill, Raymond, Kula, and Reina concede in their motion that they received wage notices containing information regarding the tip credit.  <u>See</u> Cressman Decl. ¶ 11.[8]  Because some of the Plaintiff/opt-ins concede they were notified in writing about the tip credit, this case is different from the cases Plaintiffs rely on wherein classes were certified because there was evidence of a common policy to not provide notice to the entire class.  (Plaintiffs' MOL at 12-13).  Therefore, the question whether the purported class members received notice of the tip credit does not yield common answers.

### b. Retention of portion of mandatory service charge

Plaintiffs argue that Defendants had a policy to retain a portion of the mandatory service charge but failed to notify customers about the policy.  Plaintiffs merely submit six (6) Banquet Event Orders ("BEO") that they claim supports this conclusion.  (See Cressman Decl. Exh. F). Plaintiffs also incredulously argue that "banquet event documents produced by defendants in discovery did not provide any statements explaining the distribution of the service charge." (Plaintiffs' MOL at 6).  However, as discussed in detail, and supported by extensive documentary evidence in Defendants' motion for summary judgment, all customers were notified in writing about the Hotel's policy to retain 40% of the 20% mandatory service charge. Indeed, Defendants produced hundreds of documents signed by the customers wherein the service charge breakdown was specifically explained.  Moreover, the six (6) BEOS that Plaintiffs produced in support of the instant motion each refer to "the attached Catering Policies", which specifically notifies banquet customers that:

---

and 12 NYCRR 142-2.2, holding that only a violation of the latter's actual notice requirement would result in a forfeiture of the tip credit.  2016 U.S. Dist. LEXIS 75396, *3-4.

[8] In fact, as discussed in Defendants' motion for summary judgment, all of the Plaintiffs/opt-ins received notice. (SOF ¶ 39-40).

> An administrative charge of 20% will be added to all banquet, meeting, audio visual, and beverage events held at the hotel.  This service charge is distributed 12% to wait staff as gratuity and 8% is retained for labor expense to offset supervisory, sales and other banquet and kitchen personnel required to produce the event. Administrative charge and prices are subject to an 8.75% New York State Sales Tax.

(SOF ¶ 22).[9]

Moreover, Owens, Bibik, and Raymond each testified they were never involved in any sales communications with customers and never saw any documents that were provided to customers, aside from the BEOs (which only informed the servers which accommodations were required for the event) and they never saw the Terms and Conditions document.  (SOF ¶ 30). They also testified they do not know the basis for their allegation that customers assumed or thought that the 20% gratuity was entirely a gratuity.  (Id.)  The remaining Plaintiffs and opt-ins stated in their interrogatory responses that they are unaware of what was told to customers who booked banquet events.  (SOF ¶ 38).

Plaintiffs also argue that menus on the Hotel's website "refer to the entire 20% charge as a gratuity."  However, Plaintiffs have not submitted any evidence that customers viewed the website and understood that the mandatory service charge would be distributed in full to the service employees.  As discussed *supra*, and in Defendants' motion for summary judgment, when customers of the Hotel booked an event with the Hotel, they were provided with specific information by the sales representative regarding the breakdown of the mandatory service charge.  (SOF ¶ 20-22).

---

[9] Plaintiffs also argue that Carollo, Kula, and Carrier testified through affirmations that the Hotel represents to customers that the entire mandatory service charge is a gratuity.  (Plaintiffs' MOL at 6).  They base this argument on the reference to a "service charge" on the BEOs and that the BEOs did not include notification indicating that only a portion of the service charge was being distributed to banquet service workers.  (Id.)  However, as discussed *supra*, they conveniently overlook the reference to the BEOs to "the attached Catering Policies."

Finally, even assuming *arguendo* that summary judgment is not granted on this claim (which it should be), Plaintiffs have not submitted any evidence that the entire putative class worked at specific banquet events for which customers were not sufficiently informed about the breakdown of the mandatory service charge. They only submitted evidence of six (6) actual events in which they erroneously conclude customers were not informed about the service charge breakdown. Even assuming *arguendo* that those six (6) customers were not informed about the breakdown (which they were), there is no evidence submitted by Plaintiffs that the entire class worked at these six (6) events.

Accordingly, the answer to the question as to whether the entire class was subjected to a policy in which a portion of the service charges from banquet events at which they worked was illegally retained by Defendants does not yield common answers.

### c.  NYLL § 195 claim

Plaintiffs seek to certify a class under Rule 23 with respect to claims under NYLL § 195(1) for failure to provide notice within ten (10) days of the time of hiring, every time a wage rate changed, and by February 1 of each year of their employment.[10]

However, penalties for violations of NYLL § 195 (that are contained in NYLL § 198) – which are the only monetary damages for a violation of NYLL § 195 – may not be pursued in a class action. See Moreno v Future Care Health Servs., Inc., 2015 N.Y. Misc. LEXIS 3371 (N.Y. Sup. Ct. May 4, 2015) citing CPLR 901(b).

Moreover, there is no private cause of action under the NYLL for failure to provide employees with an annual pay rate notice under the former NYLL § 195(1) or for failure to provide notice under NYLL § 195(2) each time an employee's wage rate changes. See e.g. Guan Ming Lin v. Benihana N.Y. Corp., 2012 U.S. Dist. LEXIS 186526 (S.D.N.Y. Oct. 23, 2012)

---

[10] Defendants provided Plaintiffs and the opt-ins with wage notices. To the extent that Plaintiffs argue that the wage notices contained minor errors, it does not result in a violation under NYLL § 195. See Lozano v. Rugfrit 1350 LLC, 2015 N.Y. Misc. LEXIS 1451 (N.Y. Sup. Ct. Apr. 27, 2015).

("[t]he proper interpretation of NYLL § 198(1-b) is that only employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to § 198(1-b)), report and recommendation adopted, No. 10-CV-1335 (RA)(JCF), 2013 U.S. Dist. LEXIS 27792 (S.D.N.Y. Feb. 27, 2013); Hinckley v. Seagate Hospitality Grp., LLP, 2016 U.S. Dist. LEXIS 152799 (W.D.N.Y. Nov. 2, 2016) (dismissing plaintiffs' claim for damages pursuant to NYLL 195(1)(a) on the basis that *inter alia*, § 195(1)(a) does not provide a private right of action for employees who were not given the required post-hire *annual* notice); Zurita v. High Definition Fitness Ctr., Inc., 2016 U.S. Dist. LEXIS 76074 (E.D.N.Y. June 9, 2016) (same).

Additionally, an individualized assessment is necessary with regard to whether there is liability for each class member regarding this claim for several reasons.  First, NYLL § 195(1) became effective on April 9, 2011.  See Changxing Li v. Kai Xiang Dong, 2017 U.S. Dist. LEXIS 32222 (S.D.N.Y. Mar. 7, 2017); Andrade v. 168 First Ave Rest. Ltd., 2016 U.S. Dist. LEXIS 72678 (S.D.N.Y. June 3, 2016); Inclan v. New York Hospitality Grp., Inc., 95 F. Supp. 3d 490 (S.D.N.Y. 2015) and does not apply retroactively. See Gold v. N.Y. Life Ins. Co., 730 F.3d 137, 143-44 (2d Cir. 2013).  Three (3) of the current Plaintiffs/opt-ins – Kula, Owens, and Raymond – commenced their employment with the Hotel prior to April 9, 2011, so they do not have a valid claim under NYLL § 195(1).  (SOF ¶ 10).  Certainly, there are other class members whose employment commenced prior to April 9, 2011.

Second, three of the Plaintiffs/opt-ins – Bibik, Nemeyer, and Carrier – do not claim that they were not provided with an annual notice.  (See Cressman Decl. ¶ 11).  Because they were provided with annual notices, the answer to the question as to whether the entire class was provided with an annual notice does not yield common answers.

Third, annual notices were only required to be provided from April 9, 2011 until December 28, 2014.  Because Romanelli was employed after December 28, 2014 (See Cressman

Decl. ¶ 11), she has no claim for failure to provide annual notice.  Certainly, there are other class members whose employment did not commence until after December 28, 2014.

Fourth, under NYLL § 198, there can be no liability imposed for a violation of NYLL § 195 if, *inter alia*, the employer made complete and timely payment of all wages due to Plaintiffs pursuant to NYLL.  As discussed *supra*, individualized proof is required to determine if any class member was not paid at least the minimum wage rate.  See Gregory v. Stewart's Shops Corp., 2016 U.S. Dist. LEXIS 89576 (N.D.N.Y. July 8, 2016).  Therefore, individualized proof is necessary to determine if there is liability under NYLL § 198 for alleged violations of NYLL § 195.

Likewise, for this claim, unlike the other claims, Plaintiffs seek to certify a class consisting of every hourly employee at the Hotel.  However, Plaintiffs do not allege that the Hotel failed to pay non-tipped hourly employees all of their wages.  Accordingly, under NYLL § 198, there would be no liability for a violation of NYLL § 195 for non-tipped hourly employees.

Consequently, there is no legal basis for finding that Plaintiffs have demonstrated the "commonality" and "typicality" prongs of the Rule 23 analysis.  Therefore, Plaintiffs' motion for certification must be denied.[11]

Many of the common questions of law and fact Plaintiffs assert are just uncontroversial statements of Federal and New York law in question form, and are really being offered to define a class essentially as those whom have valid wage and hour claims. This proposed class definition is circular and does not demonstrate a common question of law.  See Engel v. Scully & Scully, Inc., 279 F.R.D. 117, 127 (S.D.N.Y. 2011) ("Defining a class as essentially those

---

[11] The facts in this case are distinguishable from the facts in the cases relied on by Plaintiffs.  (Plaintiffs' MOL at 12-13).  In the cases relied on by Plaintiffs, the evidence established there were common policies on such issues as whether tip-ineligible employees participated in the tip pool, whether the restaurant had a policy to not pay spread of hours, and whether the same wage notice was issued to every associate.  The issues that Plaintiffs in the instant case seek to have certified as a class do not result in common answers and require individual analyses.

customers who have valid FACTA claims is circular."). Assuming the answers to the "questions" stating what the law requires is "yes," that does not resolve the relevant question of whether proposed class members "have suffered the same injury." Dukes, 131 S. Ct. at 2551 (citation omitted). Whether each employee was in fact not provided with sufficient notice and wage statements, whether each employee was paid the minimum wage notwithstanding Defendants' ability to take a tip credit, and whether class members worked any events in which customers were not informed that a portion of the service charge would be retained by the Hotel, require a highly individualized fact-specific analysis not subject to class-wide resolution.

In sum, there are more differences than similarities for the purported class members. This shows a lack of commonality, and would require the Court to engage in an individualized assessment to determine which class members, if any, are owed money, and if so, how much they are owed. This is a waste of the Court's resources and is impracticable.

### 3. The Rule 23 Class Proposed By Plaintiffs Is Overly Broad and Not Ascertainable

As explained in Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 125 (S.D.N.Y. 2011):

> To bridge the wide gap between an individual's claim and the existence of a class of persons who have suffered the same injury as the individual, plaintiff must demonstrate the existence of an aggrieved class. Plaintiff must also demonstrate that the aggrieved class can be readily identified. A class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially requires a mini-hearing on the merits of each plaintiff's case.

Thus, "courts commonly examine whether a class is adequately defined before turning to the other requirements for certification." 5 James Wm. Moore, et al., Moore's Federal Practice, § 23.21 [3][d] (3d ed. 2008); Bano v. Union Carbide Corp., 2005 U.S. Dist. LEXIS 32595, at * 14-15 (S.D.N.Y. Aug. 12, 2005) (finding that although not expressly required by Rule 23, ascertainability is an element of class certification).

16

Where class membership cannot be ascertained until it is determined whether the individual at issue suffered an injury, the class is not sufficiently ascertainable.  Kiobel v. Royal Dutch Petroleum Co., 2004 U.S. Dist. LEXIS 28812, *15-17 (S.D.N.Y. Mar. 31, 2004); Wilson v. Toussie, 2008 U.S. Dist. LEXIS 25469, * 11 (E.D.N.Y. Mar. 31, 2008) ("A class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially require[s] a mini hearing on the merits of each [plaintiffs] case.") quoting Noble v. 93 Univ. Place Corp., 224 F.R.D. 330, 341-42 (S.D.N.Y. 2004): see also generally Miles v. Merrill Lynch & Co. ("IPO"), 471 F. 3d 24, 44-45 (2d Cir. 2006) (discussing the importance of ascertainment and noting that the need for individualized determinations of class membership also supports the conclusion that individual questions will permeate the litigation).

In this case, Plaintiffs define the proposed Rule 23 class in their motion as all hourly employees.  Plaintiffs' class definition is untenable because membership in the class is not ascertainable and the class definitions are overly broad.  In order to ascertain who is a class member, the Court would be forced to conduct a mini-trial with respect to each purported class member to determine (1) if that employee worked a banquet event at which the customer was not notified about a portion of the mandatory service charge that was retained by the Hotel; (2) if that employee worked as a server in the Hotel's restaurant; (3) the amount that employee received in mandatory service charge distributions and tips and in hourly wages; (4) if that employee received notification of the tip credit; and (5) if that employee received a wage notice.  See Wilson. 2008 U.S. Dist. LEXIS 25469, at * 11.

Accordingly, Plaintiffs' proposed class is not ascertainable.

### 4.  Plaintiffs and their counsel are not adequate representatives

Federal Rule of Civil Procedure 23(a)(4) requires that in a class action, "the interests of the class" must be "fairly and adequately protect[ed]." Fed. R. Civ. P. 23(a)(4).  To ensure that all members of the class are adequately represented, district courts must make sure that the

members of the class are credible, possess the same interests, and that no fundamental conflicts exist among the members.  Cohen v. Beneficial Indus, Loan Corp., 337 U.S. 541, 549, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949); Menking v. Daines, 287 F.R.D. 166, 172 (S.D.N.Y. Dec. 9, 2011); Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006). Further, Rule 23(g) orders the district court to consider four particular indicators of adequacy.  It provides also that the district court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. Rule Civ. Proc. 23(g)(1)(B).  Additionally, this inquiry in part, considers the competency of class counsel and the existence of conflicts that might impair its representation.  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

Here, there are questions concerning the adequacy of representation of the proposed class representatives and their counsel.

Plaintiffs' counsel is not an adequate representative.  As discussed in Defendants' pending motion to disqualify Plaintiffs' counsel, Plaintiffs' counsel improperly solicited Owens and failed to provide or even inform the Plaintiffs and opt-ins about damaging evidence that was disclosed by Defendants during discovery because of a conflict of interest between Plaintiffs' counsel and Plaintiffs.[12]  Plaintiffs' counsel has also previously been sanctioned for engaging in unethical behavior.  (Id.)  Plaintiffs' counsel is therefore, not an adequate representative of the class.  See Brame v. Ray Bills Finance Corp., 76 F.R.D. 25 (N.D.N.Y. 1977) ("an attorney who was guilty of maintenance or solicitation in violation of the Code of Professional Responsibility should be disqualified from representing a class.)

Owens is not an adequate class representative because she is dishonest.  Savino v. Computer Credit, 164 F.3d 81 (2d Cir. Dec. 21, 1998); Zemel Family Trust v. Philips Int'l Realty

---

[12] The Court is respectfully referred to Defendants' motion to disqualify which is incorporated herein.

<u>Corp.</u>, 205 F.R.D. 434 (S.D.N.Y. Feb. 5, 2002) (plaintiff's lack of honesty and trustworthiness made him an inadequate class representative).    Owens testified at her deposition that her interrogatory response, wherein she identified customers that were allegedly confused about the distribution of the service charge, was inaccurate. (SOF ¶ 50-57).    Owens stated in her interrogatory response that an unnamed person at a graduation party for the "Alsheimer" family, held on June 26, 2016, was "surprised" that the servers did not retain 100% of the service charge. (SOF ¶31).  However, after Owens was presented at her deposition with a terms and conditions page signed by Catherine Alsheimer on May 23, 2016 that explained that 40% of the 20% service charge would be retained by the Hotel, Owens conceded that Ms. Alsheimer was sufficiently notified that 40% of the mandatory service charge would be retained by the Hotel — directly contradicting her verified interrogatory responses.  (SOF ¶ 32).

Owens also stated in her interrogatory response that Anne Decker, who booked a baby shower with the Hotel for July 2, 2016, was not aware of the service charge distribution breakdown.  (SOF ¶ 31).  This statement, however, is also false.  Indeed, the Hotel has a screen shot of emails between Anne Decker and Nicole Trificana, the Hotel's director of banquet sales, which shows that the Hotel furnished Ms. Decker with the terms and conditions page, specifying the breakdown of the service charge distribution. (SOF ¶ 33).  Because Owens is not credible, she is not an appropriate class representative.  <u>See</u> <u>Kline v. Wolf</u>, 702 F.2d 400 (2d Cir. Mar. 11, 1983) (affirming denial of class certification because of plaintiff's lack of credibility).

Owens also testified that the basis for her NYLL § 196-d claim is that she feels she should have been given the full 20% service charge because she worked for other employers that paid their employees the full mandatory service charge without retaining any portion.  (SOF ¶ 29-30).  Thus, Owens has a fundamental misunderstanding of the legal and factual bases of her

NYLL § 196-d claim.  Because she does not have adequate knowledge of the case, she is not an appropriate class member.

Likewise, Carollo is not an adequate class representative for several reasons.

First, during most of her employment, Carollo worked as Assistant Food & Beverage Director (Carollo Decl. ¶ 3).  Because she was an employer under the FLSA and NYLL, she is liable for alleged unpaid wages owed to the class which creates a conflict of interest between her and the purported class.  See Roach v. T.L. Cannon Corp., 2013 U.S. Dist. LEXIS 47268, *45 (N.D.N.Y. Mar. 4, 2013) (where one of the potential class representatives worked as manager during a portion of her employment subjecting her to individual liability with respect to claims of the class it could be basis to deny class certification); Sheehan v. Purolator, Inc., 103 F.R.D. 641, 655 (E.D.N.Y. Dec. 26, 1984).

Second, throughout most of her employment, Carollo was paid significantly more than the minimum wage and, unlike the other Plaintiffs/opt-ins, no tip credit was typically taken from her wages.  (See SOF ¶ 3, Tuohy Decl. Exh. B, Time and Pay Records").

Third, Carollo stated in an interrogatory response that she has no knowledge about what customers were told about the mandatory service charge.  (See SOF ¶ 38, Owens Interrogatory Response No. 12).

Accordingly, Plaintiffs and their counsel are not adequate representatives of the class.

## POINT III

## PLAINTIFFS CANNOT ESTABLISH THE FRCP 23(b) REQUIREMENTS

Plaintiffs are unable to establish the requirements under FRCP 23(b)(3) that: (1) the common questions of fact or law predominate over questions affecting individual class members; and (2) a class action is superior to other methods of adjudication.  This requirement is "far more demanding" than the commonality and typicality requirements under FRCP 23(a).  Amchem

Prods., Inc. v. Windsor, 521 U.S. 591, 623-624 (1997).  These requirements seek to identify cases "in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Id. at 615 (citation, internal quotation marks and alteration omitted).  Plaintiffs cannot demonstrate satisfaction of the more demanding elements of the Rule 23(b)(3) standard.  Therefore, their motion must be denied.

"Like the commonality inquiry, a court examining predominance must assess (1) the 'elements of the claims and defenses to be litigated'; and (2) 'whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief.'"  Johnson v. Nextel Commc'ns Inc., 780 F.3d 128, 138 (2d Cir.2015) quoting McLaughlin on Class Actions § 5:23. However, predominance requires a further inquiry "into whether the common issues can profitably be tried on a classwide basis, or whether they will be overwhelmed by individual issues." Id. Accordingly, the predominance inquiry is "more demanding than Rule 23(a)." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (Mar. 27, 2013).

Matters pertinent to superiority include the class members' interests in individually controlling the prosecution of separate actions and the likely difficulties in managing the class action. Fed. R. Civ. P. 23(b)(3)(A) & (D). Accordingly, class certification will be denied where the fact-finder would need to establish liability by reviewing "individualized proof" or engaging in "a series of mini-trials" for each putative class member's claim. See Dauphin v. Chestnut Ridge Transp., Inc., 2009 U.S. Dist. LEXIS 74483, *12-14 (S.D.N.Y. Aug. 20, 2009); Moore v. PaineWebber, Inc., 306 F.3d 1247, 1253 (2d Cir. 2002).

Here, Plaintiffs contend that the central and predominant issues in this case are whether Defendants maintained a policy that uniformly (1) failed to provide employees with proper wage

notices; (2) failed to provide employees with proper wage notices which results in loss of the tip credit; (3) failed to provide notice to employees about the tip credit which results in loss of the tip credit; and (4) whether Defendants failed to notify customers that the Hotel was retaining a portion of the mandatory service charge which results in loss of the tip credit and reimbursement of the retained portion paid by the customers.

In <u>Alix v. Wal-Mart Stores, Inc.</u>, 57 A.D.3d 1044 (3d Dep't 2008), the plaintiffs sought certification of a class action lawsuit for violation of New York Labor Law.[13] The plaintiffs claimed that company policy discouraged overtime, yet employees were expected to complete their tasks and were disciplined for failing to do so and that this "set the stage for routine 'off the clock' hours." <u>Id</u>. The court held that plaintiffs failed to meet the predominance requirement for class certification, and reasoned that "[w]hile proof of this atmosphere of unrelenting pressure to cut payroll costs may be relevant, it primarily serves as a backdrop to the fact-specific inquiries that must, of necessity, occupy center stage." <u>Id</u>.  As the court explained, in order to establish a *prima facie* case of violation of NYLL, "plaintiffs must adduce specific evidence as to which associates worked 'off the clock,' on what occasions, and for how long . .. [and] that defendant either knew or had reason to know that its employees were thus engaged."  As the court concluded, because "***defendant's liability to any aggrieved litigant can only be established by the proof of facts specific to that individual plaintiff*[,]***" class certification was inappropriate. <u>Id</u>. at 896 (emphasis added). Thus, it cannot be said that the common factual questions predominate over those which affect only individual members of the proposed class.

For the same reasons as in <u>Alix</u>, Plaintiffs have failed to establish the Rule 23(b)(3) predominance and superiority requirements and therefore the motion for Rule 23 class certification

---

[13] <u>Alix</u> applied New York class action law which, similar to Rule 23(b)(3), requires that "questions of law or fact common to the class ... predominate over any questions affecting only individual members." <u>Id</u>. While a state court case, the appellate court's analysis of state law is compelling.

should be denied.  See Severin v. Project OHR, Inc., 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012)(denying Rule 23 class for New York Labor Law claims).

According to Plaintiffs, a class action is also the superior method of adjudication because, if these issues are not tried in a single forum, the result is numerous individual actions.  However, a case-by-case analysis is required to determine liability, if any, for each putative class member.  The need for numerous individualized determinations with respect to every putative class member to determine liability under NYLL, if any, makes Plaintiffs' proposed class action unmanageable, and hence a class action is not superior to other methods of adjudication.

Moreover, there is no evidence that there will be numerous individual actions.  Only seven (7) individuals have joined this case since it was filed in January 2016, and all except one (1) joined as the result of receiving solicitation letters from Plaintiffs' counsel in June 2016.  Nobody has joined this case since October 2016.

Plaintiffs also argue that this matter should be certified as a class because it does not make sense for the class members to litigate their claims separately "given the relatively small amount of each class members' individual recovery."  However, to the contrary, the alleged damages of the Plaintiffs and the opt-ins are substantial.  See ECF Doc. No. 69, Felsen Decl. Exh. G-H, L-R.

Plaintiffs likewise cannot establish that requirements under Rule 23(b)(1)(A) because prosecuting separate actions by individual class members would not create a risk of inconsistent adjudications.  Only an analysis of each class members' circumstances would establish liability, if any.

## POINT IV

## EVEN ASSUMING *ARGUENDO* THAT PLAINTIFFS' MOTION IS GRANTED, THE PROPOSED NOTICE IS INSUFFICIENT

Plaintiffs' motion for class certification should be denied for all of the reasons discussed *supra*. However, assuming *arguendo* that the Court grants Plaintiffs' motion, Plaintiffs' proposed notice should be rejected for the reasons discussed below.

First, Plaintiffs' proposed notice is directed at all hourly employees although the only claim for which they seek to certify a class for all hourly employees (as opposed to just hourly banquet and restaurant tipped employees) is their claim under NYLL § 195 for failure to provide proper wage notices. As discussed *supra*, Plaintiffs do not allege that hourly employees, who are neither a banquet server nor a restaurant tipped employee, were not paid all of their wages. Under NYLL § 198, where an employee is paid all wages, there is no monetary penalty associated with a violation of NYLL § 195. Therefore, notice should not be sent to all hourly employees, but rather, should only be sent (if at all) to only hourly banquet and restaurant tipped employees.[14]

Second, Plaintiffs' proposed notice only briefly discusses how to opt-out of the lawsuit and requires various unnecessary steps that must be undertaken in order to opt-out. Additionally, Plaintiffs' notice fails to include an opt-out form with the notice. Instead, Plaintiffs require individuals who want to opt-out to draft their own opt-out form, and further demand that the form require a description of the person's employment, a list of all positions held, and their dates of employment, none of which is necessary. Placing the onus on the recipients to recall their dates of employment in order to opt out is unnecessary and unfair. It is respectfully submitted

---

[14] Even if notice could go out to hourly non-tipped employees (which it should not), because the Wage Theft Prevention Act did not become effective until April 9, 2011, notice should not go out to employees on this claim who worked prior to April 9, 2011.

that Plaintiffs' purpose in requiring this information and not providing an opt-out form is to dissuade individuals from opting out.

Plaintiffs should be required to include a simple and straightforward opt-out form with the class notice that merely requires the recipients to check off a box stating they wish to opt-out. Plaintiffs should also be required to provide pre-addressed and postage-prepaid envelopes to send back the opt-out forms.

Third, Plaintiffs give no explanation or justification for their request that the class notice be posted at the Hotel. "In selecting the manner of issuing the notice, th[e] court must strike the appropriate balance in ensuring notification to the former [employees] while minimizing disturbance to [the employer's] business." Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387, *9 (S.D.N.Y. Feb. 19, 2008). If Defendants are required to mail the notices to putative class members, it is repetitive, and unwarranted to require Defendants to also post the notice in their workplace since the contact information of current employees will be accurate. See Zhirzhan v. AGL Industries, Inc., 14-7567 (E.D.N.Y Sept. 15, 2015, ECF Doc. No. 49); PAL v. Sandal Wood Barn Grill, Inc., 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015) ("since defendants will be required to provide plaintiffs with contact information for past and current employees, posting of notice" at the workplace is unnecessary); Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ("Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace.").

Fourth, Plaintiffs' notice directs putative class members to a website – www.theemploymentattorneys.com – for answers to additional questions. This website is not Court-approved and should not be included in any Court-approved notice. Moreover, this website is not specifically directed to this case, and has no additional information about this case.

25

## <u>CONCLUSION</u>

Because Plaintiffs cannot establish the requirements of Rule 23(a) and (b), their motion to

certify a class action should be denied.

Dated: Lake Success, New York
      June 6, 2017

                                   Respectfully submitted,

                                   MILMAN LABUDA LAW GROUP, PLLC

                                   <u>/s/ Jamie S. Felsen</u>
                                   Jamie S. Felsen, Esq.
                                   Robert F. Milman, Esq.
                                   John M. Harras, Esq.
                                   Attorneys for Defendants
                                   3000 Marcus Ave., Suite 3W8
                                   Lake Success, NY 11042
                                   (516) 328-8899