UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEANNA CAROLLO and DIANA J. OWENS,        16 CV 0013 (DNH) (TWD)
on behalf of themselves and all other employees
similarly situated,

                Plaintiffs,


     -against-


UNITED CAPITAL CORP., AFP MANAGEMENT
CORP., and AFP 101 CORP.,

                Defendants.
-------------------------------------------------------------------X



DEFENDANTS' MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL
CERTIFICATION OF A COLLECTIVE ACTION AND NOTICE THEREOF
PURSUANT TO THE FAIR LABOR STANDARDS ACT

Robert F. Milman, Esq.
Jamie S. Felsen, Esq.
John M. Harras, Esq.
**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Defendants*
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042
(516) 328-8899

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

LEGAL STANDARD ..........................................................................................................3

    *A.   General FLSA Certification Standard* ........................................................3

    *B.   Heightened FLSA Certification Standard* ...................................................5

ARGUMENT ......................................................................................................................7

    POINT I
    PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE
    ACTION MUST BE DENIED BECAUSE PLAINTIFFS HAVE NOT ESTABLISHED A
    COMMON POLICY APPLIED TO PLAINTIFFS AND SIMILARLY SITUATED
    INDIVIDUALS THAT VIOLATES THE FLSA ....................................................7

    *A.   Each Claim Will Require Individualized Assessments, Rendering FLSA Collective Action*
    *Certification Inefficient and Ineffective* ....................................................8

    **i.   Banquet service worker subminimum wage policy** ................................8

    **ii.   Exclusion of service charges from regular rate policy** ............................10

    **iii.     Failure to provide tip credit notice policy** ....................................13

    *B.   The Lack of Significant Response from Plaintiffs' Initial Solicitation Letters to Forty-Seven (47)*
    *Hotel Employee Proves There Are No Similarly Situated Employees.* ........................15

    *C.   Plaintiffs' Have Failed to Provide Affidavits Identifying Potentially Similarly Situated*
    *Employees, Rendering Their Motion for Collective Action Meritless* ..........................16

    POINT II
    ASSUMING *ARGUENDO* THAT PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
    CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE IS DEFICIENT ........18

    *A.   The Starting Date for Determining When Notice Should Be Sent Should Be Based on the*
    *Court's Order on the Instant Motion* ..........................................................18

    *B.   The Time Limit To Opt-In Should Be Limited to 45 Days From the Date of the Notice* ......19

    *C.   The Notice Should Explain the Consequences of Joining the Action* ......................20

    *D.   Contact Information for Defendants' Counsel Should Be Stated on the Notice* ..................20

    *E.   Reference to the Court Authorizing the Notice Must Be Excluded* ..........................21

    *F.   Opt-In Notices Should Be Returnable to the Court* .........................................21

    *G.   Opt-In Notices Should Not Reference Any Non-Court Approved References* ...........................21

    *H.     The Section "Your Legal Rights and Options In This Lawsuit" Must Address Only FLSA*
    *Claims* ..........................................................................................22

    *I.   The Consent to Become a Party Plaintiff Form Must Be Revised* .............................22

**POINT III**

**ASSUMING *ARGUENDO* THAT PLAINTIFFS' MOTION FOR COLLECTIVE ACTION IS GRANTED, PLAINTIFFS' METHOD OF DISSEMINATION OF THE NOTICE CONTAINS DEFICIENCIES**................................................................................................................**22**

**CONCLUSION**...................................................................................................................**25**

# TABLE OF AUTHORITIES

## Cases

Alderman v. 21 Club Inc., 733 F. Supp. 2d 461, 470 (S.D.N.Y. 2010) ........................................................9

Alves v. Affiliated Home Care of Putnam, Inc., 2017 U.S. Dist. LEXIS 17893
   (S.D.N.Y. Feb. 7, 2017) .........................................................................................................19

Anglada v. Linens 'n Things, Inc., 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007)....................19

Aponte v. Comprehensive Health Mgmt., 2011 U.S. Dist. LEXIS 60882
   (S.D.N.Y. June 1, 2011)........................................................................................................24

Arevalo v. D.J.'s Underground, Inc., 2010 U.S. Dist. LEXIS 109193 (D. Md. Oct. 13, 2010)..................22

Barenboim v. Starbucks Corp., 698 F.3d 104 (2d Cir. 2012) ........................................................................8

Beauperthuy v. 24 Hour Fitness USA, Inc., 772 F. Supp. 2d 1111 ................................................................
   (N.D. Cal. Feb. 24, 2011)......................................................................................................12

Bogosian v. All Am. Concessions, 2008 U.S. Dist. LEXIS 78625 (E.D.N.Y. Sept. 29, 2008)......4

Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335 (2d Cir. 1978) .........................................3

Campbell v. PriceWaterhouse Coopers, LLP, 2008 U.S. Dist. LEXIS 44795
   (E.D. Cal. June 5, 2008)..................................................................................................22, 23

Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516 (D. Md. 2000) ..........................................................4

Canon v. Four M Food Corp.,2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009)……………………20

Cherif v. Sameday Delivery Corp., 2015 U.S. Dist. LEXIS 133807 (E.D.N.Y. Sept. 30, 2015) ..............19

Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200 (N.D.N.Y. 2009) ....................................22

Damassia v. Duane Reade, Inc., 2006 U.S. Dist. LEXIS (S.D.N.Y. 2006) ..................................................5

Diaz v. Amedeo Hotels Ltd. P'ship, 2016 U.S. Dist. LEXIS 41453 (E.D.N.Y. Mar. 29, 2016)................10

Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369 (E.D.N.Y. 2008) ....................................................19

Eng-Hatcher v. Sprint Nextel Corp., 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009).............17

Enriquez v. Cherry Hill Mkt. Corp., 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012)..........18, 19

Flores v. Osaka Health Spa, Inc., 2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. Mar. 16, 2006)...................16

Flaum Appetizing Corp., 2009 U.S. Dist. LEXIS 80498 (S.D.N.Y. Aug. 17, 009)..……………………..19

Franco v. Jubilee First Ave. Corp., 2016 U.S. Dist. LEXIS 114191 (S.D.N.Y. Aug. 25, 2016)...............14

Fu v. Mee May Corp., 2016 U.S. Dist. LEXIS 53199 (S.D.N.Y. Apr. 20, 2016) ......................................16

Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541 (S.D.N.Y. 2015) .........................................18

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91 (S.D.N.Y. 2003) .................................19

Gordon v. TBC Retail Group, Inc., 134 F. Supp. 3d 1027 (D.S.C. Sept. 30, 2015) ..................................12

Gregory v. Stewart's Shops Corp., 7:14-CV-003, *Report and Recommendation*,
   Dkt. No. 81, pg. 12 n. 5 (N.D.N.Y July 8, 2016). ................................................................6

Guan v. Long Island Bus. Inst., 2016 U.S. Dist. LEXIS 106741 (E.D.N.Y. Aug. 11, 2016) ....................18

Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. Oct. 11, 2007).....................................20

Hall v. Burk, 2002 WL 413901 (N.D. Tex. Mar. 11, 2002) ..........................................................................5

Hallissey v. America Online, Inc., 2008 U.S. Dist LEXIS 18387 (S.D.N.Y. 2008)...........................20,23

Han v. Sterling Nat'l Mortg. Co., 2011 U.S. Dist. LEXIS 103453 (E.D.N.Y. Sept. 14, 2011) .................24

Hart v. Rick's Cabaret Int'l Inc., 60 F. Supp. 3d 447 (S.D.N.Y. 2014)........................................................8

Haynes v. Singer Co., 696 F.2d 884 (11th Cir. 1983) .................................................................................3

Heagney v. European Am. Bank, 122 F.R.D. 125 (E.D.N.Y. 1988) .................................................5

Heng Chan v. Triple 8 Palace, Inc., 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 30, 2006). ...............9

Hernandez v. Immortal Rise, Inc., 2012 U.S. Dist. LEXIS 136556  (E.D.N.Y. Sept. 24, 2012)...............18

Hinckley v. Seagate Hospitality Grp., LLP, 2016 U.S. Dist. LEXIS 152799
   (W.D.N.Y. Nov. 2, 2016)..............................................................................................14

Hoffmann v. Sbarro, 982 F. Supp. 249 (S.D.N.Y. 1997) ..........................................................3

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ......................................................3

Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D.Ala. 2004) ............................................3,12

Hotaranu v. Star Nissan Inc., 2017 U.S. Dist. LEXIS 56801 (E.D.N.Y. Apr. 12, 2017) ...........................18

Jackson v. New York Tele. Co., 163 F.R.D. 429 (S.D.N.Y. 1995) ..............................................5

Johnson v. TGF Precision Haircutters, Inc., 2005 U.S. Dist. LEXIS 44259
   (S.D. Tex. Aug. 17, 2005)...........................................................................................12

Junjiang Ji v. Jling Inc., 2016 U.S. Dist. LEXIS 66013 (E.D.N.Y. May 19, 2016)..................................16

Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)...........................................19

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006)......................................................19

Levinson v. Primedia Inc., 2003 WL 22533428  (S.D.N.Y. Nov. 6, 2003)............................................4

Lianyuan Feng v. Hampshire Times, 2015 U.S. Dist. LEXIS 29899 (S.D.N.Y. Mar. 11, 2015). ...............16

Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011)....................17,19, 21

Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539
   (S.D.N.Y. October 1, 2002) .........................................................................................3

Martinez v. Zero Otto Nove, Inc., 2016 U.S. Dist. LEXIS 82232 (S.D.N.Y. June 23, 2016) ...................16

Mata v. Foodbridge LLC, 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015)..................................17

Mechmet v. Four Seasons Hotels, Ltd., 825 F.2d 1173 (7th Cir. Ill. 1987)..............................................10

Mike v.  Safeco Ins. Co. of Am., 274 F. Supp. 2d 216 (D. Conn. 2003)..........................................3,4

Mohamed v. Sophie's Cuban Cuisine, Inc., 2015 U.S. Dist. LEXIS 126012
   (S.D.N.Y. Sept. 21, 2015).............................................................................................22

Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54 (E.D.N.Y. July 18, 2011)............................................20

Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233 (11th Cir. 2008)................................................6

Mowdy v. Beneto Bulk Transp., 2008 U.S. Dist. LEXIS 26233 (N.D. Cal. 2008) ..................................24

Myers v. Hertz Corp., 2006 U.S. Dist. LEXIS 100597 (E.D.N.Y. May 18, 2006)..............................5,6,11

Nahar v. Dozen Bagels Co., 2015 U.S. Dist. LEXIS 143839 (S.D.N.Y. Oct. 20, 2015)...........................18

PAL v. Sandal Wood Barn Grill, Inc., 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015) ...............23

Palmer v. Reader's Digest Ass'n, 1986 WL 11458 (S.D.N.Y. Oct. 3, 1986) .......................................5

Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006) .................................4

Qing Gu v. T.C. Chikurin, Inc., 2014 U.S. Dist. LEXIS 53813 (E.D.N.Y. Apr. 17, 2014) .....................17

Ramos v. PJJK Rest. Corp., 2016 U.S. Dist. LEXIS 36324 (S.D.N.Y. Mar. 10, 2016) ...........................18

Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303 (S.D.N.Y. 1998)................................................3

Reyes v. Nidaja, LLC, 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. July 31, 2015)..................................16

Roach v. T.L. Cannon Corp., 10-CV-00591, Dkt. No. 109..............................................................7

Ritz v. Mike Rory Corp., 2013 U.S. Dist. LEXIS 61634 (E.D.N.Y. Apr. 29, 2013)................................18

Rodolico v. Unisys Corp., 199 F.R.D. 468 (E.D.N.Y. 2001) ....................................................4, 5

Romero v. Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369 (E.D.N.Y. 2008) .................................19

Romero v. H.B. Auto. Group, Inc., 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012) ...................14

Sanchez v. JMP Ventures, L.L.C., 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014) ...................17

<u>Searson v. Concord Mortg. Corp.</u>, 2009 U.S. Dist. LEXIS 88926 (E.D.N.Y. Aug. 31, 2009).................. 19

<u>Shajan v. Barolo, Ltd.</u>, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010)........................................ 24

<u>Sharma v. Burberry Ltd.,</u> 52 F. Supp. 3d 443 (E.D.N.Y. 2014) …………………………………………..21

<u>Slamna v. API Rest. Corp.</u>, 2013 U.S. Dist. LEXIS 93176 (S.D.N.Y. June 27, 2013) ............................ 20

<u>Velez v. 111 Atlas Rest. Corp.</u>, 2016 U.S. Dist. LEXIS 107230 (E.D.N.Y. Aug. 11, 2016) .................... 14

<u>Vengurlekar v. Silverline Techs.</u>, Ltd, 220 F.R.D. 222 (S.D.N.Y. 2003).................................................. 14

<u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 767 F. Supp. 2d 445 (S.D.N.Y. 2011). .................................. 19

<u>Zhirzhan v. AGL Industries, Inc.</u>, 14-7567 (E.D.N.Y Sept. 15, 2015, ECF Doc. No. 49) ............ 18, 20, 23

<u>Zivali v. AT&T Mobility, LLC</u>, 784 F. Supp. 2d 456 (S.D.N.Y. May 11, 2011)......................................... 5

**Statutes**

29 C.F.R. § 531.55 ....................................................................................................................................... 8

29 U.S.C. § 207(i) ............................................................................................................................2,10, 11, 13

29 U.S.C. §216(b)………………………………………………………………………………………...1

## PRELIMINARY STATEMENT

Plaintiffs' motion for conditional certification and notice pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA") should be denied.  Plaintiff has failed to establish by competent proof that Defendants have a common policy that violated the FLSA with respect to Plaintiffs and similarly situated employees as required under 29 U.S.C. § 216(b).  The evidence adduced by Plaintiffs is insufficient for several reasons to justify conditional certification of the collective action.

First, pending before the Court is Defendants' motion for summary judgment, which should be granted and which should moot Plaintiffs' motion to for conditional collective action certification pursuant to the FLSA.

Second, assuming *arguendo* that Defendants' motion for summary judgment is not granted with regard to any of the FLSA claims (which it should), determining whether each hourly restaurant server, bartender, and banquet server employed by the Radisson Utica Center Hotel (the "Hotel") was subject to an FLSA violation will involve a myriad of individual assessments.  Consequently, there is no single decision that affected all hourly restaurant servers, bartenders, and banquet servers employed by the Hotel in the same way that may be resolved through a FLSA collective action.  Moreover, including every single hourly restaurant server, bartender, and banquet server employed by the Hotel into one (1) collective action will require scores of mini-trials to determine whether any FLSA violation occurred with respect to every single hourly restaurant server, bartender, and banquet server.

For example, there will have to be mini-trials for every single banquet server to determine whether he or she was compensated at or above the applicable statutory federal minimum wage, after accounting for both the server's wages and receipts from the mandatory

1

service charge applied to banquet bills.  There will be mini-trials on whether a particular banquet server qualifies for an overtime exemption under section 7(i) of the FLSA, 29 U.S.C. § 207(i) ("207(i)"), which is an extremely individualized analysis.  The evidence exchanged by the parties (and presented and discussed in Defendants' motion for summary judgment) clearly shows that most of Defendants' banquet servers were exempt from overtime and received compensation that complied with the FLSA.  In fact, the evidence presented in Defendants' summary judgment motion shows that seven (7) out of the ten (10) Plaintiffs/Opt-Ins were exempt from overtime.  This evidence—that some but not all banquet servers were exempt from overtime under § 207(i)—establishes the need for an individualized assessment for each banquet server, warranting the denial of Plaintiffs' motion for collective action.

Similarly, there will also have to be an individualized assessment of whether each employee had actual knowledge of the FLSA tip credit, as the evidence exchanged in discovery establishes that all of the ten (10) Plaintiffs/Opt-Ins had actual or written notice of the FLSA tip credit.

Finally, discovery has closed in this case following the exchange of tens of thousands of documents, interrogatory responses, and depositions.  As such, Plaintiffs must meet a heightened standard for FLSA class certification, whereby Plaintiffs must prove that other putative class members are similarly situated to Plaintiffs *in fact*.  Plaintiffs have not met that standard and, therefore, are not entitled to class certification under the FLSA.

In sum, Plaintiffs have failed to establish a common policy in violation of the FLSA that applied to all hourly restaurant servers, bartenders, and banquet servers employed by the Hotel. Accordingly, Plaintiffs motion for FLSA class certification must be denied.

**LEGAL STANDARD**

In a putative FLSA collective action, district courts have discretion on whether to permit the action to proceed as a collective action and direct that notice be given to potential collective action members.  Madrid v. Minolta Business Solutions, Inc., 2002 U.S. Dist. LEXIS 18539 *2 (S.D.N.Y. October 1, 2002) citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978). This discretionary power, however, must only be exercised in appropriate cases. Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004); Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983).

Courts apply two (2) different FLSA certification standards depending on whether fact discovery has closed: (1) a general standard if certification is requested before the close of discovery; and (2) a higher, more stringent standard if fact discovery has closed at the time of the FLSA collective action certification motion.

**A. *General FLSA Certification Standard***

Generally, "[t]he question [for FLSA certification is] ... whether the appropriate circumstances exist for the Court to exercise its discretion [to authorize notice] in this matter." See Hoffmann v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

To warrant the exercise of the court's discretion, Plaintiffs must demonstrate that the potential class members are similarly situated.  Realite, 7 F. Supp. 2d at 306; Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated.")  "The strict requirements of Rule 23 of the

3

Federal Rules of Civil Procedure do not apply to FLSA collective actions, and thus no showing of numerosity, typicality, commonality and representativeness need be made. Rather, plaintiffs must meet only one threshold requirement: they must demonstrate that potential class members are 'similarly situated.'" Levinson v. Primedia Inc., 2003 WL 22533428 *1 (S.D.N.Y. Nov. 6, 2003) (internal citation omitted).

Neither the FLSA nor its implementing regulations define the term "similarly situated." Hoffman, 982 F.Supp at 261.  However, courts in this Circuit have held that, to meet this burden of proof, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs are victims of a common policy or plan that violated the law." Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) (emphasis added); Hoffman, 982 F. Supp. at 261.

Courts in this Circuit look to several factors to determine whether members of a putative class are similarly situated, including (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification of the class. Bogosian v. All Am. Concessions, 2008 U.S. Dist. LEXIS 78625 *17 (E.D.N.Y. Sept. 29, 2008).

A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations.   Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627 *7 (E.D.N.Y. June 12, 2006).  Absent such a factual showing, an employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense."   Id.  Thus, "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home

4

Quality Mvnt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000) (citations omitted); see also Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("at the notice stage, courts 'require …substantial allegations that the putative class members were together the victims of a single decision, policy or plan'") (citations omitted) (emphasis added); Hall v. Burk, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002) (denying motion for notice because "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiffs burden") (citation omitted); Jackson v. New York Tele. Co., 163 F.R.D. 429, 432 (S.D.N.Y. 1995) (plaintiffs required to "demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme"); Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (requiring "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination" quoting Palmer v. Reader's Digest Ass'n., 1986 WL 11458 *1 (S.D.N.Y. Oct. 3, 1986).

### B. *Heightened FLSA Class Certification Standard*

When fact discovery has closed and the court has a "fuller record" to review, as in this case, courts apply a heightened, "more stringent" standard of approval for FLSA certification. Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. May 11, 2011) ("the Court, now afforded a much fuller record, must apply a more stringent standard of proof in determining whether plaintiffs are similarly situated for the purposes of the FLSA") citing Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (holding that where a court has a "fuller record" it must apply a higher standard of review on FLSA class certification); and Damassia v. Duane Reade, Inc., 2006 U.S. Dist. LEXIS *11 (S.D.N.Y. 2006) ("After discovery . . . [courts apply] a more stringent standard − whether the additional plaintiffs are *in fact* similarly situated.") (emphasis added).  Under this stricter standard, Plaintiffs must show that the other opt-ins are *in fact*

similarly situated.  Id.  Specifically, if a full record for the case is established and Plaintiffs cannot rectify issues requiring individualized assessment, such as disparate factual and employment settings of the individual plaintiffs and the various defenses available to defendants that are individual to each plaintiff, then collective action certification should be denied.  Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (adopting 11th Circuit approach to more stringent standard applied to FLSA collective action certification when a fuller record is established) citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008).

Here, fact discovery closed on April 14, 2017, as admitted in Plaintiffs' counsel's affirmation supporting their FLSA certification motion.  Since this case's inception, the parties have exchanged tens of thousands of documents, conducted seven (7) depositions, and Defendants have moved for summary judgment.  The court has a full record to review. Accordingly, the more stringent standard for analyzing a motion for collective action applies to this case.

Plaintiffs misleadingly cite case law in an attempt to dissuade the court from applying the appropriate and more stringent standard.  (See Plt. MOL at 9:8).  The first case relied on by Plaintiffs, Gregory v. Stewart's Shops Corp., is wholly distinguishable.  In Gregory, the court denied the defendants' request to apply the more stringent certification standard because, although the fact discovery deadline had passed, Defendants had not provided Plaintiffs with "paper discovery [for] ten of the opt-in plaintiffs until two months after the certification motion was filed, and [] none of the opt-in plaintiffs had been deposed." Gregory v. Stewart's Shops Corp., 7:14-CV-003, Report and Recommendation, Dkt. No. 81, pg. 12 n. 5 (N.D.N.Y July 8, 2016).  Unlike Gregory, in this case, depositions and document discovery have been completed for all Plaintiffs and Opt-Ins, making Gregory inapposite.

In <u>Roach v. T.L. Cannon Corp.</u>, cied by Plaintiffs, the court refrained from applying the heightened standard of review because there was a large, demonstrated interest among the defendant's employees about participating in the collective action and there was more discovery to perform to cover those individuals.  10-CV-00591, Dkt. No. 109, pg. 12 n. 6, 13 n. 7.  In <u>Roach</u>, before filing the FLSA collective action certification motion, Plaintiffs' counsel had collected seventy-eight (78) affidavits from individuals expressing interest in the suit and there had not been any discovery for a large portion of those affiants.  <u>Id.</u>, 10-CV-00591, Dkt. No. 109, pg. 12 n. 6.  In contrast, in this case, on June 10, 2016, Plaintiffs' counsel (the same counsel that represented plaintiffs in <u>Roach</u>) sent solicitation letters to forty-seven (47) potential Opt-In Plaintiffs and only seven (7) of those individuals opted into this lawsuit.  Since then, the parties completed fact discovery for all Plaintiffs/Opt-Ins.  Accordingly, the procedural posture of this case is wholly distinguishable from that in the <u>Roach</u> case.

In short, discovery in this case has been completed with regard to the individuals that have joined this suit, the case has garnered little interest from the Hotel's employees, and a full record has been established.  Accordingly, Plaintiffs are subject to the heightened standard of FLSA class certification approval.

**<u>ARGUMENT</u>**
**POINT I**

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION MUST BE DENIED BECAUSE PLAINTIFFS HAVE NOT ESTABLISHED A COMMON POLICY APPLIED TO PLAINTIFFS AND SIMILARLY SITUATED INDIVIDUALS THAT VIOLATES THE FLSA**

As discussed above, Plaintiffs, under the heightened standard of FLSA class certification review, must demonstrate that there was a common policy that violated the FLSA *<u>in fact</u>* that

applied to the Plaintiffs and similarly situated individuals.  Plaintiffs, for the following reasons, have failed to meet that standard.  In fact, even under the general standard of review for FLSA collective actions, should the Court, *arguendo*, apply that standard (which it should not), Plaintiffs motion for collective action still fails for the following reasons.

### A.  Each Claim Will Require Individualized Assessments, Rendering FLSA Collective Action Certification Inefficient and Ineffective

Plaintiffs Deanna Carollo ("Carollo") and Diana Owens ("Owens") seek a collective action for all of the Hotel's hourly restaurant servers, bartenders, and banquet servers because, allegedly, Defendants subjected every single such employee to three (3) uniform policies that violated the FLSA: (1) treating hourly banquet service workers as tipped employees and paying them subminimum wages; (2) excluding the mandatory service charges that were distributed to hourly banquet service workers from the regular rate of pay used to calculate their overtime rate; and (3) failing to inform tipped employees about the FLSA tip credit.

Each of the three (3) alleged FLSA policy violations will require an individual assessment for every single putative class member, making an FLSA collective action certification unworkable, inefficient, ineffective, and inappropriate.

### i.     Banquet service worker subminimum wage policy

Plaintiffs argue that all banquet servers were improperly paid a subminimum wage. However, as discussed in Defendants' motion for summary judgment, under the FLSA, service charges are not tips.  When "service charges" are distributed to employees, such payments "may be used in their entirety to satisfy the monetary requirements" of the federal minimum wage law. 29 C.F.R. § 531.55 (a); (b); Barenboim v. Starbucks Corp., 698 F.3d 104, 112 (2d Cir. 2012) ("Tips under the FLSA . . . do not include such obligatory service charges."); Hart v. Rick's Cabaret Int'l Inc., 60 F. Supp. 3d 447, 455 (S.D.N.Y. 2014) (holding that the regulations under

8

the FLSA, specifically 29 C.F.R. § 531.55, allow service charges to be "applied against an establishment's FLSA minimum wage duty," especially when the service charge receipts are included in the employer's gross receipts); Alderman v. 21 Club Inc., 733 F. Supp. 2d 461, 470 (S.D.N.Y. 2010); Heng Chan v. Triple 8 Palace, Inc., 2006 U.S. Dist. LEXIS 15780, 14-15 (S.D.N.Y. Mar. 30, 2006). Accordingly, the service charge distribution, on its own, can meet the minimum wage obligation.

In this case, Defendants paid the banquet servers an hourly wage and a distribution from the service charges received by the Hotel from banquet customers. Therefore, it is impossible to determine whether, in any weeks, the service charge coupled with the hourly wage rate paid to each banquet server did not satisfy the federal minimum wage rate without performing an individualized assessment, whereby each employee's mandatory service charge receipts are combined with their receipts from wages each week to determine if he or she was paid in compliance with the FLSA. Thus, there is no "single" decision that Defendants made that resulted in a violation of the FLSA minimum wage provisions. Any possible violation would be subject to an individualized analysis. Every single such analysis would have different results depending on how many disbursements each banquet server received in mandatory service charge receipts and how many hours he or she worked each week.

As discussed in Defendants' motion for summary judgment, even without taking a tip credit, only six (6) of the ten (10) Plaintiffs/Opt-Ins would have a claim for a minimum wage violation, and those claims are varied and nominal. The other four (4) Opt-Ins have no FLSA minimum wage violation damages, even if the Hotel is not allowed to take the FLSA tip credit.

Consequently, there are no similarly situated banquet servers who were not paid the minimum wage under the FLSA.   Accordingly, Plaintiffs motion for collective action certification with regard to this claim must be denied.

### ii.    Exclusion of service charges from regular rate policy

Plaintiffs also argue that Defendants paid all banquet servers a lower overtime rate than that which is prescribed under the FLSA because Defendants did not include banquet servers' receipts of mandatory service charges with each banquet servers' regular wage rate to calculate the overtime rate.  This claim, however, presumes that every banquet server worked overtime and was not exempt from overtime.  To determine whether a particular banquet server was entitled to overtime or exempt from overtime under section 7(i) of the FLSA, 29 U.S.C. § 207(i), a highly complex and individualized assessment is required of each banquet server, making this claim inappropriate for FLSA collective action certification.

Under section 7(i) of the FLSA, 29 U.S.C. §207(i), if an employee receives more than 50% of his or her income from commissions for a representative period of no less than one (1) month and his or her total weekly income equals more than time-and-a-half for all hours worked for the representative period, then he or she is exempt from overtime.

This exemption has been applied to banquet servers, and it is well-established that the mandatory service charge portion of a banquet servers' compensation constitutes "commissions" for purposes of section 7(i) of the FLSA, 29 U.S.C. § 207(i).  Mechmet v. Four Seasons Hotels, Ltd., 825 F.2d 1173, 1178 (7th Cir. Ill. 1987) (holding that, for purposes for 29 U.S.C. § 207(i), "the percentage service charges used to compensate the Ritz-Carlton's banquet waiters can only be 'commissions.'"); Diaz v. Amedeo Hotels Ltd. P'ship, 2016 U.S. Dist. LEXIS 41453 at *8 (E.D.N.Y. Mar. 29, 2016) ("Mandatory service charges for waiters that are calculated as a

percentage of total banquet bill qualify as commissions for the 7(i) exemption.") (citing <u>Mechmet</u>, 825 F.2d at 1178).

It is also well-established, as discussed previously, that a banquet server's weekly income, for FLSA purposes, includes both the mandatory service charge and the hourly wage rate. Thus, the overtime exemption in section 7(i) of the FLSA applies to Plaintiffs, who were banquet servers at the hotel.

To determine whether each banquet server is exempt from overtime for each week, the court has to first determine if the banquet server worked in excess of forty (40) hours in any weeks. If the answer is in the affirmative, the Court then has to add the banquet server's total income for the month for each month the banquet server worked, add all of the banquet server's commissions for each month that the banquet server worked (which is composed of his or her mandatory service charge receipts for each month), and compare the total income with the commission receipts for each month to determine whether the commissions constituted at least fifty percent (50%) of total income for each month. After that, the Court has to determine whether, for each week of each banquet server's employment, the banquet server's total weekly income equals more than time-and-a-half the FLSA minimum wage for every week in each month of the banquet server's employment. Finally, the Court would have to compare the weekly income results with the monthly commissions results to determine whether both elements of section 7(i) of the FLSA, 29 U.S.C. § 207(i) are satisfied for each month. The court would have to do this for every single banquet server, as each such person will have different data to analyze.

This individualized assessment makes a collective action unmanageable. <u>Myers v. Hertz Corp.</u>, 2006 U.S. Dist. LEXIS 100597 (E.D.N.Y. May 18, 2006) (denying motion for collective

action where individualized inquiry concerning the job duties of each member of the putative collective action class was necessary to determine if each individual was exempt from overtime); Holt v. Rite Aide Corp., 33 F. Supp. 2d 1265, 1274-75 (denying motion for collective action where the application of an FLSA defense would require individualized inquiries into the daily tasks of each proposed collective action member).

With regard to the 207(i) defense, when the more stringent standard of collective action certification review applies, as it does in this case, courts have specifically held that this FLSA defense "weighs heavily in favor of decertification." Johnson v. TGF Precision Haircutters, Inc., 2005 U.S. Dist. LEXIS 44259, 28-29 (S.D. Tex. Aug. 17, 2005) (decertifying a class because the 207(i) defense is highly individualistic). Courts acknowledge that the "layers of fact finding required by § 7(i) [of the FLSA] as to each of those [individual] Plaintiffs, present[s] a case where the individualized claims and individualized defenses, all of which are highly fact intensive, would not only dominate but would swallow and consume the entire case." Id. at *33; see also Beauperthuy v. 24 Hour Fitness USA, Inc., 772 F. Supp. 2d 1111, 1126-1127 (N.D. Cal. Feb. 24, 2011) (denying plaintiffs motion for collective action and holding "determining whether the § 7(i) defense applies to members of the putative class would require a highly individualized inquiry and could not be accomplished by common proof").

The only time courts refuse to deny the plaintiffs' certification motion when defendants have raised the 207(i) defense is when it is not clear that 207(i) may be applied to the putative class members. See Gordon v. TBC Retail Group, Inc., 134 F. Supp. 3d 1027, 1036 (D.S.C. Sept. 30, 2015) (granting plaintiff collective action motion because there was a dispute about whether plaintiffs compensation constutied "commissions" for purposes of 207(i)). Here, in contrast, there is no dispute that 207(i) applies to banquet servers that receive mandatory service

charges.  As stated above, it is well-established that the mandatory service charge portion of a banquet servers' compensation constitutes "commissions" for purposes of section 7(i) of the FLSA, 29 U.S.C. § 207(i).  <u>Mechmet</u>, 825 F.2d at 1178 (7th Cir. Ill. 1987) (holding that, for purposes for 29 U.S.C. § 207(i), "the percentage service charges used to compensate the Ritz-Carlton's banquet waiters can only be 'commissions.'"); <u>Diaz</u>, 2016 U.S. Dist. LEXIS 41453 at *8 (E.D.N.Y. Mar. 29, 2016) ("Mandatory service charges for waiters that are calculated as a percentage of total banquet bill qualify as commissions for the 7(i) exemption.").

Thus, <u>Gordon</u> is inapplicable to this case; whereas <u>Johnson</u> and <u>Beauperthuy</u> are directly applicable to this case.

Moreover, as an example of the disparate results revealed from the record developed in this case and 207(i) analysis (and discussed in Defendants' motion for summary judgment), seven (7) out of the ten (10) Plaintiffs/Opt-ins are exempt from overtime or never worked any overtime.  The other Plaintiffs/Opt-Ins are owed varied, miniscule amounts.

Accordingly, certification of an FLSA collective action must be denied for this claim.

### iii.    Failure to provide tip credit notice policy

Plaintiffs also allege that Defendants have a uniform policy to not inform tipped employees that they will be paid a sub-minimum wage under the FLSA.  However, Plaintiffs' own motion belies this claim, as they submit wage notices for several Plaintiffs/Opt-ins. (Cressman Aff. ¶ 12, Ex. G).  Moreover, the deposition testimony of some Plaintiffs/ Opt-ins also establishes that they were informed that they were being paid a sub-minimum wage because of an applicable tip credit.  (SOF ¶ 39-40).[1]

---

[1] "SOF ¶ ___" refers to Defendants' Statement of Undisputed Facts submitted to the Court on May 15, 2017 (ECF Doc. No. 68).

Moreover, the requirement of informing employees about the tip credit under the FLSA may be accomplished a number of ways: orally, through the posting of wage posters at the workplace, written explanation, or some similar mode of communication.  Hinckley v. Seagate Hospitality Grp., LLP, 2016 U.S. Dist. LEXIS 152799, *45-46 (W.D.N.Y. Nov. 2, 2016) ("It has been held that in order to comply with this provision, an employer must tell a tipped employee [about the tip credit provisions.]") (emphasis added); Franco v. Jubilee First Ave. Corp., 2016 U.S. Dist. LEXIS 114191 (S.D.N.Y. Aug. 25, 2016) ("the FLSA has no requirement that employees also receive written notice of the tip-credit election."); Velez v. 111 Atlas Rest. Corp., 2016 U.S. Dist. LEXIS 107230 at *21 (E.D.N.Y. Aug. 11, 2016) (stating that "employers [may] give tip credit notice under the FLSA either orally or in writing" and stating that prominently displayed wage posters may also satisfy FLSA). In short, under the FLSA the employer need only demonstrate that the employees had actual knowledge, regardless of how they were informed, of the tip credit.

In this case, as discussed above, Plaintiffs were informed about the tip credit.  (SOF ¶ 39-40). The Hotel informed them verbally, provided them with wage notice forms indicating the applicable tip credit, and posted FLSA wage posters in the Hotel informing them of the tip credit. (Id.)  Because Plaintiffs were notified about the FLSA tip credit, they are not similarly situated to employees who were not notified about the FLSA tip credit.  Vengurlekar v. Silverline Techs., Ltd, 220 F.R.D. 222, 230 (S.D.N.Y. 2003) (dismissing collective action claims where named plaintiffs were exempt from the FLSA's requirements, finding that "[h]aving no FLSA claims of their own, plaintiffs [were] not similarly situated to those non-exempt employees, if any, who potentially have such claims."); Romero v. H.B. Auto. Group, Inc., 2012 U.S. Dist. LEXIS 61151, *41 (S.D.N.Y. May 1, 2012) (same).

Even assuming *arguendo* that one or both of the Plaintiffs were not notified about the FLSA tip credit, an individualized assessment must be performed for each putative class member to determine if they were notified in one of the various possible ways about the FLSA tip credit.

As a result, certification of a collective action on this issue is inappropriate and Plaintiffs' motion should be denied.

Based on the foregoing, all three (3) alleged unlawful policies are not appropriate for collective action certification under the FLSA because they all require highly individualistic analyses that makes pursuing this litigation on a collective action inefficient, ineffective, and unworkable.

Therefore, Plaintiffs' motion for conditional certification of a collective action pursuant to the FLSA should be denied in its entirety.

### B.  The Lack of Significant Response from Plaintiffs' Initial Solicitation Letters to Forty-Seven (47) Hotel Employee Proves there Are No Similarly Situated Employees.

On June 10, 2016, Plaintiffs' counsel sent forty-seven (47) solicitation letters to Hotel employees. Since then, only seven (7) hotel employees have opted-in to the case.  If these solicited employees were similarly situated, presumably there would be a higher rate of employees consenting to being a part of this case—but, in reality, only a tiny fraction of those solicited signed up for the law suit, and many of them, as discussed above, have no claims at all, upon review of the record already established.  Accordingly, Plaintiffs' own tactics have undermined their position that there are other similarly situated Plaintiffs.

Because the lack of response to Plaintiffs' solicitation letters demonstrates a dearth of similarly situated employees, Plaintiffs' motion for certification of a collective action must be denied.

15

Moreover, Plaintiffs' counsel's June 10, 2016 solicitations should preclude Plaintiffs' from, once again, distributing notice to putative class members about this lawsuit. Granting Plaintiffs' motion for collective action would provide them with a second bite of the apple. They had their chance to notify putative class members about this lawsuit and should not be given a second chance.

### C. Plaintiffs' Have Failed to Provide Affidavits Identifying Potentially Similarly Situated Employees, Rendering Their Motion for Collective Action Meritless

In order to establish a common policy in violation of the FLSA that was applied to similarly situated employees, courts routinely require the submission of declarations from plaintiffs, which, at a minimum, identifies other employees who were subjected to the same policy in violation of the FLSA, explains the manner in which the FLSA was violated, and provides details regarding the manner in which the declarants learned that an employer violated the FLSA with respect to the other individuals. See Reyes v. Nidaja, LLC, 2015 U.S. Dist. LEXIS 101728, *7 (S.D.N.Y. July 31, 2015) ("[W]here a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide *a minimum level of detail* regarding the contents of those conversations or observations."); Martinez v. Zero Otto Nove, Inc., 2016 U.S. Dist. LEXIS 82232, *11 (S.D.N.Y. June 23, 2016) (same).

Plaintiffs' declarations do not provide any details concerning any other employees. (Cressman Aff., Ex "A"). Because Plaintiffs fail to identify any other employees who were subject to a policy that violates the FLSA, their motion for a collective action must be denied. See Martinez v. Zero Otto Nove, Inc., 2016 U.S. Dist. LEXIS 82232, *12-13 (S.D.N.Y. June 23, 2016); Flores v. Osaka Health Spa, Inc., 2006 U.S. Dist. LEXIS 11378, *8 (S.D.N.Y. Mar. 16, 2006); Junjiang Ji v. Jling Inc., 2016 U.S. Dist. LEXIS 66013, *12-13 (E.D.N.Y. May

19, 2016); <u>Fu v. Mee May Corp.</u>, 2016 U.S. Dist. LEXIS 53199 (S.D.N.Y. Apr. 20, 2016); <u>Reyes v. Nidaja, LLC</u>, 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. July 31, 2015); <u>Lianyuan Feng v. Hampshire Times</u>, 2015 U.S. Dist. LEXIS 29899, 7-8 (S.D.N.Y. Mar. 11, 2015).

Moreover, even assuming *arguendo* that Plaintiffs submitted declarations identifying other Hotel employees that were subject to a policy that violated the FLSA (which they do not), Plaintiffs fail to describe when they learned that the other Hotel employees were not paid in accordance with the FLSA, justifying the denial of this motion for collective action.  See <u>Mata v. Foodbridge LLC</u>, 2015 U.S. Dist. LEXIS 70550, *9-13 (S.D.N.Y. June 1, 2015) (denying motion for collective action where the plaintiff did not state where or when his observations of and conversations with identified coworkers occurred); <u>Sanchez v. JMP Ventures, L.L.C.</u>, 2014 U.S. Dist. LEXIS 14980, *5 (S.D.N.Y. Jan. 27, 2014) (same); <u>Qing Gu v. T.C. Chikurin, Inc.</u>, 2014 U.S. Dist. LEXIS 53813, 10 (E.D.N.Y. Apr. 17, 2014) (denying motion for collective action where plaintiffs made only general allegations that other employees of defendants were denied minimum wage and overtime compensation, failed to provide any factual detail about the other employees, such as when they had conversations about not receiving minimum wage or overtime compensation, and failed to identify the job titles or duties performed by their fellow employees); <u>Eng-Hatcher v. Sprint Nextel Corp.</u>, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009)(denying motion for collective action where plaintiff identified five individuals who worked at her store and told plaintiff they were not paid for overtime, but plaintiff provided no information about these conversations).

Similarly, Plaintiffs do not provide the dates when they spoke to any other individuals, making it impossible to know whether any conversations with other employees occurred during the FLSA period, which also justifies the denial of this motion.  <u>Lujan v. Cabana Mgmt., Inc.</u>,

2011 U.S. Dist. LEXIS 9542, 2011 WL 317984, at *7-9 (E.D.N.Y. Feb. 1, 2011) (declining to conditionally certify an FLSA collective action for defendants' Florida restaurants under the same ownership because the Court lacked "firsthand evidence of violations at the Florida restaurants during the limitations period").

Therefore, because there is no evidence that other individuals were not paid properly under the FLSA, this motion must be denied.

## POINT II
## ASSUMING *ARGUENDO* THAT PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE IS DEFICIENT

If this Court grants Plaintiffs' motion for collective action certification (which, as discussed *supra*, it should not), Plaintiffs' proposed notice to putative class members ("notice") contains numerous deficiencies that must be revised.

### A. *The Starting Date for Determining When Notice Should Be Sent Should Be Based on the Court's Order on the Instant Motion*

Courts routinely hold that the notice should be sent to prospective class members who were employed by a defendant during the three year period preceding a Court's Order granting a plaintiff's motion for conditional collective action (not three years preceding the filing of the Complaint as Plaintiffs' propose). See Hotaranu v. Star Nissan Inc., 2017 U.S. Dist. LEXIS 56801 (E.D.N.Y. Apr. 12, 2017); Zhirzhan v. AGL Industries, Inc., 14-7567 (E.D.N.Y Sept. 15, 2015, ECF Doc. No. 49); Guan v. Long Island Bus. Inst., 2016 U.S. Dist. LEXIS 106741, 14-15 (E.D.N.Y. Aug. 11, 2016); Ramos v. PJJK Rest. Corp., 2016 U.S. Dist. LEXIS 36324, 13 (S.D.N.Y. Mar. 10, 2016); Nahar v. Dozen Bagels Co., 2015 U.S. Dist. LEXIS 143839, 16 (S.D.N.Y. Oct. 20, 2015); Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015); Ritz v. Mike Rory Corp., 2013 U.S. Dist. LEXIS 61634 (E.D.N.Y. Apr. 29,

2013); Hernandez v. Immortal Rise, Inc., 2012 U.S. Dist. LEXIS 136556 *21 (E.D.N.Y. Sept. 24, 2012); Enriquez v. Cherry Hill Mkt. Corp., 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012); Flaum Appetizing Corp., 2009 U.S. Dist. LEXIS 80498 (S.D.N.Y. Aug. 17, 2009); Searson v. Concord Mortg. Corp., 2009 U.S. Dist. LEXIS 88926 (E.D.N.Y. Aug. 31, 2009); Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008); Romero v. Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 373 (E.D.N.Y. 2008); Anglada v. Linens 'n Things, Inc., 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 199 (S.D.N.Y. 2006); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 98 (S.D.N.Y. 2003). Therefore, in the event that the Court grants Plaintiff's motion for collective action (which it should not), notice should be sent only to similarly situated individuals employed by Defendants three (3) years preceding the date of the Court's Order granting Plaintiff's motion for conditional collective action.

### B. The Time Limit To Opt-In Should Be Limited to 45 Days From the Date of the Notice

Plaintiffs' notice proposes that individuals to whom the notice is sent have 90 days to opt-in. However, courts generally restrict the opt-in period to 45 to 60 days. See Cherif v. Sameday Delivery Corp., 2015 U.S. Dist. LEXIS 133807 (E.D.N.Y. Sept. 30, 2015) (45 days); Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011) (45 days); Alves v. Affiliated Home Care of Putnam, Inc., 2017 U.S. Dist. LEXIS 17893 (S.D.N.Y. Feb. 7, 2017) (60 days). Moreover, as referenced above, Plaintiffs' counsel has already sent, approximately one (1) year ago, solicitation letters to putative opt-in plaintiffs and only a few such individuals have joined, suggesting that a long opt-in period is unnecessary as interest in the case is low.

19

Therefore, Defendants respectfully request that the opt-in notices must be returned to the Court within 45 days from the date when the notice is sent out, rather than the 90 days proposed by Plaintiffs.

### C.  The Notice Should Explain the Consequences of Joining the Action

Courts routinely require the notice to explain that, as a result of joining the lawsuit, the putative class members may be required to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs to Defendants if they do not prevail.  See Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54 (E.D.N.Y. July 18, 2011); Hallissey v. America Online, Inc., 2008 U.S. Dist LEXIS 18387, *12 (S.D.N.Y. 2008); Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817 *23 (E.D.N.Y. Oct. 11, 2007).  Defendants respectfully request that the notice contain this language.

Defendants also request that the notice state "If you choose to join this lawsuit, you will be bound by any decision of the Court, judgment of the Court, or settlement, whether favorable or unfavorable."  See Moore, 276 F.R.D. at 61.

### D.  Contact Information for Defendants' Counsel Should Be Stated on the Notice

Courts routinely permit the notice to contain the name, address, and telephone number of Defendants' counsel.  See Zhirzhan v. AGL Industries, Inc., 14-7567 (E.D.N.Y Sept. 15, 2015, ECF Doc. No. 49); Guan, 2016 U.S. Dist. LEXIS 106741 at 16; Slamna v. API Rest. Corp., 2013 U.S. Dist. LEXIS 93176, 12 (S.D.N.Y. June 27, 2013); Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54 (E.D.N.Y. 2011); Gjurovich, 282 F. Supp. 2d 101 at 108; Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009).  Therefore, Defendants respectfully request that their counsel's name, address, and telephone number be included on the notice.

### E.  Reference to the Court Authorizing the Notice Must Be Excluded

Plaintiffs propose that the notice include language that it and its contents have been authorized by the Court.  Although the third bullet point on the first page of the proposed notice states that "The Court has not decided whether Defendants did anything wrong" expresses no opinion on the merits of the lawsuit, Defendants prefer the following language "The issue of who is right and who is wrong has not yet been addressed by the Judge and the Judge has no opinion concerning who is right or wrong."  Moore, 2011 U.S. Dist. LEXIS 77126 at 18.  Defendants also propose that this language be placed under the section with the italicized text on page 1 of the notice that states that the notice has been authorized by the Court, because it is the more appropriate area for Defendants' proposed language. See Rosario, 2011 U.S. Dist. LEXIS 126634 at *31.

### F.  Opt-In Notices Should Be Returnable to the Court

Plaintiffs propose having opt-ins send their Consent to Join forms directly to Plaintiffs' counsel.  However, such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel.  Rosario, 2011 U.S. Dist. LEXIS 126634 at *32 (quoting Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 *44 (E.D.N.Y. Feb. 1, 2011)(modifying plaintiffs' proposed notice to direct opt-in plaintiffs to send their consent forms to the court); Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 462 (E.D.N.Y. 2014) (collecting cases).  Accordingly, Defendants request that the Notice should be modified to direct opt-in plaintiffs to file their Consent to Join forms with the Court.

### G.  Opt-In Notices should not reference any non-Court approved references

Plaintiffs' notice directs putative class members to a website – www.theemploymentattorneys.com – for answers to additional questions. This website is not

Court-approved and should not be included in any Court-approved notice.   Moreover, this website is not specifically directed to this case, and has no additional information about this case.

### H. The Section "Your Legal Rights and Options In This Lawsuit" Must Address Only FLSA Claims

Plaintiffs' motion for collective action concerns only claims under the FLSA.   For example, the section "Your Legal Rights and Options In This Lawsuit" refers to all legal claims in the lawsuit rather than simply FLSA claims.   Accordingly, Plaintiffs' proposed notice must be revised to reflect this.

### I.   The Consent to Become a Party Plaintiff Form Must Be Revised

The Consent to Become a Party Plaintiff Form provides that not only do the recipients that sign the Form consent to join the FLSA claims, but they consent to be part of all other claims, including non-FLSA claims.   The FLSA court-authorized notice should not be used as a vehicle for Plaintiffs' counsel to solicit individuals to join this lawsuit with regard to non-FLSA claims.

### POINT III
### ASSUMING *ARGUENDO* THAT PLAINTIFFS' MOTION FOR COLLECTIVE ACTION IS GRANTED, PLAINTIFFS' METHOD OF DISSEMINATION OF THE NOTICE CONTAINS DEFICIENCIES

Defendants object to Plaintiffs' request that Defendants provide Plaintiffs with, *inter alia*, telephone numbers, last known e-mail addresses, and social security numbers.

Due to privacy concerns, courts do not require the production of this information until a large number of notices are returned as undeliverable.   See Mohamed v. Sophie's Cuban Cuisine, Inc., 2015 U.S. Dist. LEXIS 126012, 13-15 (S.D.N.Y. Sept. 21, 2015); Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 201 (N.D.N.Y. 2009)("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers,

22

social security numbers, and dates of birth."); <u>Arevalo v. D.J.'s Underground, Inc.</u>, 2010 U.S. Dist. LEXIS 109193, 7 (D. Md. Oct. 13, 2010) (denying plaintiffs' motion to compel defendants to produce phone numbers for the putative plaintiffs); <u>Campbell v. PriceWaterhouse Coopers, LLP</u>, 2008 U.S. Dist. LEXIS 44795, 7-8 (E.D. Cal. June 5, 2008) (holding that telephone numbers should not be released unless notification of putative plaintiffs by first class mail is insufficient).   Therefore, it is premature for the Court to order Defendants to produce telephone numbers and dates of birth at this juncture.

Moreover, Rule 7.3 of the New York Rules of Professional Conduct specifically prohibits Plaintiffs' counsel from soliciting potential clients by telephone and text message.   <u>See</u> New York Rules of Professional Conduct 7.3.   Since it would violate Rule 7.3 of the New York Rules of Professional Conduct for Plaintiffs' counsel to solicit potential opt-ins by telephone and text message, Defendants should not be ordered to produce telephone numbers of its current and former employees who Plaintiffs' counsel does not represent.   In fact, the mere fact that Plaintiffs are asking for telephone numbers shows Plaintiffs' counsel's desire to violate the Rules of Professional Conduct.   The Court should not countenance such behavior and enable Plaintiffs' counsel to violate the Rules of Professional Conduct.

Further, Defendants also oppose Plaintiffs' proposal that, in addition to distributing the notice via First Class Mail, notice be posted at Defendants' business location.   "In selecting the manner of issuing the notice, th[e] court must strike the appropriate balance in ensuring notification to the former [employees] while minimizing disturbance to [the employer's] business." <u>Hallissey v. Am. Online, Inc.</u>, 2008 U.S. Dist. LEXIS 18387, *9 (S.D.N.Y. Feb. 19, 2008).   If Plaintiffs are required to mail the notices to putative class members, it is repetitive, and unwarranted to require the Hotel to also post the notice in its workplace since the contact

23

information of current employees will be accurate.  See Zhirzhan v. AGL Industries, Inc., 14-7567 (E.D.N.Y Sept. 15, 2015, ECF Doc. No. 49); PAL v. Sandal Wood Barn Grill, Inc., 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015) ("since defendants will be required to provide plaintiffs with contact information for past and current employees, posting of notice" at the workplace is unnecessary); Aponte v. Comprehensive Health Mgmt., 2011 U.S. Dist. LEXIS 60882 at *22 (S.D.N.Y. June 1, 2011) (rejecting plaintiffs' request to post at defendants' offices the notice and consent to join a FLSA collective action, holding that "First Class mail is sufficient to provide potential class members with notice in this case"); Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ("Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace."); Han v. Sterling Nat'l Mortg. Co., 2011 U.S. Dist. LEXIS 103453 (E.D.N.Y. Sept. 14, 2011)(premature to require employer to post notice in workplace); Mowdy v. Beneto Bulk Transp., 2008 U.S. Dist. LEXIS 26233, *31-32 (N.D. Cal. 2008) (refusing to require employer to post notice in workplace).  Therefore, Defendants respectfully request that the notices be mailed to the putative class members only, and not also posted in the workplace.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification of this action as a collective action should be denied in its entirety.

Dated: Lake Success, New York
      June 6, 2017                             Respectfully submitted,

                                             **MILMAN LABUDA LAW GROUP, PLLC**

                                           /s/ Jamie S. Felsen
                                           Jamie S. Felsen, Esq.
                                           Robert F. Milman, Esq.
                                           John M. Harras, Esq.
                                           *Attorneys for Defendants*
                                           3000 Marcus Ave., Suite 3W8
                                         Lake Success, NY 11042
                                         (516) 328-8899