UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEANNA CAROLLO, et al.,

                            Plaintiffs,

                                                                6:16-CV-00013
v.                                                              (DNH/TWD)

UNITED CAPITAL CORP., et al,

                            Defendants.
_____

APPEARANCES:                                                       OF COUNSEL:

THOMAS & SOLOMON, LLP                    SARAH E. CRESSMAN, ESQ.
Counsel for Plaintiffs                                 MICHAEL J. LINGLE, ESQ.
693 East Avenue                                                PATRICK J. SOLOMON, ESQ.
Rochester, NY 14607

MILMAN LABUDA LAW GROUP, PLLC      JAMIE S. FELSEN, ESQ.
Counsel for Defendants
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042


THÉRÈSE WILEY DANCKS, United States Magistrate Judge


**<u>DECISION AND ORDER</u>**

       Presently before the Court in this class and collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL") is a motion by Defendants United Capital Corp., AFP Management Corp., and AFP 101 Corp. (collectively "Defendants" or "Hotel") to disqualify Thomas & Solomon, LLP ("T & S"), counsel for Plaintiffs Deanna Carollo and Diana J. Owens (collectively "Plaintiffs"), who have brought this claim on behalf of themselves and all other employees similarly situated. (Dkt. Nos. 63-65.)

Defendants assert that T & S is prohibited from the representation of Plaintiffs based upon alleged violations of the New York Rules of Professional Conduct ("NYRPC"). (Dkt. No. 64.) Plaintiffs oppose the motion, arguing that no ethical violations occurred and Defendants have failed to meet the high standard for disqualification. (Dkt. No. 66.) Plaintiffs also seek counsel fees and costs incurred in responding to the motion because it was made in bad faith. *Id.* Defendants, after obtaining retroactive permission from the Court (Dkt. No. 83), filed a reply. (Dkt. No. 67.)

For the reasons set forth below, Defendants' motion (Dkt. No. 63) is denied in its entirety, and Plaintiffs' request for attorneys' fees and costs is also denied.

## I.     BACKGROUND

On January 5, 2016, Plaintiffs, who worked as banquet service workers and hourly tipped restaurant service workers for the Hotel, filed their Complaint in this action. (Dkt. No. 1.) Generally, Plaintiffs' Complaint asserts claims to recover damages in the form of unpaid wages, as well as injunctive and declaratory relief, against the Defendants arising from their work as a server and/or bartender for Hotel banquets and for the Hotel's restaurant. *Id.*

More specifically, Plaintiffs allege claims collectively pursuant to 29 U.S.C. § 216(b) that the Defendants (1) violated the FLSA by failing to pay the relevant employees the statutory minimum wage, failing to inform employees of the tip credit provisions under 22 U.S.C. § 203(m) and/or retaining portions of tips, and failing to properly calculate overtime rates; and (2) violated the NYLL by improperly retaining mandatory charges collected from customers, failing to pay proper minimum wages, and failing to provide wage notices. *Id.*

Defendants answered the Complaint (Dkt. No. 18) and shortly thereafter filed an

Amended Answer. (Dkt. No. 19.) The Court issued a Uniform Pretrial Scheduling Order (Dkt. No. 21) after a telephone conference with counsel, and discovery commenced. Thereafter, some discovery disputes arose which the Court reviewed and issued directives to the parties after conferencing with them. (*See, e.g.,* Text Minute Entries 7/26/2016, 9/29/2016, 2/1/2017, 3/30/2017; and Dkt. Nos. 35, 57.) With the Court's permission, Defendants then filed this motion for disqualification of T & S. (Text Minute Entry 3/30/2017.) Also pending before the District Court is Defendants' motion for summary judgment (Dkt. No. 68), Plaintiffs' motions to certify the class pursuant to the FLSA (Dkt. No. 71), and pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Dkt. No. 72.) This Decision and Order addresses the motion to disqualify Plaintiffs' counsel only.

Defendants move for disqualification of Plaintiffs' counsel based upon the deposition testimony of Plaintiff Diana Owens ("Owens") who stated that she received a telephone call from Plaintiffs' counsel, Sarah Cressman ("Cressman"), whom she did not know, before the action was commenced. (Dkt. No. 64 at 4; Dkt. No. 65-2 at 13[1], lines 9-20.) Owens did not know if someone referred Attorney Cressman to her. (Dkt. No. 65-2 at 13, line 12-13.) Defendants maintain that Cressman improperly solicited Owens which resulted in the commencement of this action. (Dkt. No. 64 at 7.) Defendants also move for disqualification asserting Cressman and T & S put their own interests ahead of Owens' interests because after the lawsuit was commenced, Cressman sent letters to current and former employees of Defendants. *Id.* at 7-8. According to Defendants, this delayed the case at Owens' expense so that Cressman's firm could obtain

---

[1] Page numbers in citations to docket entries refer to the page numbers assigned by the Court's CM/ECF electronic filing system.

additional clients solely for its own gain. *Id.* Defendants further assert on the motion that Cressman or her firm deliberately did not show Plaintiffs and opt-in Plaintiffs documents relevant to their state law claim, which led to the action being commenced without any factual basis to support that state law claim. *Id.* at 8-10. All of this conduct on the part of Cressman or her firm, according to Defendants, is grounds to disqualify Cressman and her firm because they have breached certain rules of the NYRPC including (1) Rule 1.4, which requires an attorney to keep his/her clients informed of the status of matters of representation and material developments therein; (2) Rule 1.7, which prohibit attorneys from putting their own interests ahead of their clients and requires attorneys to avoid conflicts of interest; and (3) Rule 7.3, which prohibits attorneys from engaging in direct solicitation with potential clients by telephone contact. (Dkt. No. 64 at 6-11; *see also* N.Y. Comp. Codes R. & Regs. tit. 22, §1200 (2018).)

## II.     STANDARD OF REVIEW

The Second Circuit imposes a "high standard of proof" on disqualification motions because disqualification impinges on a "client's right freely to choose his counsel. . . ." *Gov't of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir. 1978) (citations omitted); *see also Evans v. Artek Sys. Corp.,* 715 F.2d 788, 794 (2d Cir. 1983) (party making motion to disqualify must meet a "heavy burden"); *Hecklerco, LLC v. Yuuzoo Corp. Ltd.*, 15 Civ 5779, 2016 WL 7742783, at *3 (S.D.N.Y. Dec. 16, 2016) ("Given the movant's heavy burden, as well as the severity of the sanction of disqualification and its impact on a litigant's right to the counsel of her choice, mere speculation is not an adequate basis for a court to determine that an attorney's continued representation will undermine the integrity of the adversary process." (internal punctuation omitted)); *Walsh v. Int'l Bhd. of Elec. Workers Local 503*, 14 Civ. 1677, 2015 WL 5474231, at

*6 (S.D.N.Y. Aug. 12, 2015) ("The party seeking disqualification must meet a heavy burden of proof in order to prevail." (internal punctuation omitted)).  Disqualification is only appropriate where permitting the representation to continue would pose a "significant risk of trial taint." *Glueck v. Jonathan Logan, Inc.,* 653 F.2d 746, 748 (2d Cir. 1981); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 419 (S.D.N.Y. 2015) ("Disqualification is only warranted in the rare circumstance where an attorney's conduct poses a significant risk of trial taint." (citations and punctuation omitted)).  Most often, that risk is encountered when an attorney represents one client in a suit against another client . . . or might benefit a client in a lawsuit by using confidential information about an adverse party obtained through prior representation of that party. . . ." *Id*. (citations omitted).

      Courts still require a strong showing that disqualification is warranted even where an attorney's behavior is questionable.  "[W]e have shown considerable reluctance to disqualify attorneys despite misgivings about the attorney's conduct.  This reluctance probably derives from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons.  And even when made in the best of faith, such motions inevitably cause delay." *Board of Educ. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) (citations omitted).  Generally, motions to disqualify are disfavored in this Circuit. *See, e.g., Lankler, Siffert & Wohl LLP v. Rossi*, 125 F. App'x 371, 371 (2d Cir. 2005) ("We have made it clear that motions to disqualify are disfavored."); *accord, e.g., Murray v. Metro Life Ins., Co.*, 583 F.3d 173, 178 (2d Cir. 2009) ("Because courts must guard against the tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny. . . ." (citations and punctuation omitted)); *see also Brown v. City*

*of Syracuse*, No. 5:11-CV-668 (FJS/ATB), 2013 WL 2445050, at *2 (N.D.N.Y June 4, 2013) ("Courts in this Circuit strongly disfavor disqualification because it impinges on parties' rights to employ the counsel of their choice." (citations and internal punctuation omitted)).

Nevertheless, federal courts have the sound discretion to disqualify attorneys for ethical violations which derives "from their inherent power to preserve the integrity of the adversary process." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (internal punctuation and citation omitted); *accord, e.g., Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005); *United States v. Quest Diagnostics, Inc.*, 734 F.3d 154, 166 (2d Cir. 2013).  Since the court must balance the client's right to choose his counsel "against the need to maintain the highest standards of the profession . . . disqualification is called for only where an attorney's conduct tends to taint the underlying trial because federal and state disciplinary mechanisms suffice for other ethical violations." *Prevezon*, 839 F. 3d at 241 (citation omitted).  Although courts deciding disqualification motions thus "often benefit from guidance offered by the American Bar Association . . . and state disciplinary rules, such rules merely provide guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video, Inc.*, 409 F.3d at 132 (citations omitted).

### III.  ANALYSIS

#### A.  Defendants' Motion to Disqualify Plaintiffs' Counsel

Defendants' allegations of alleged ethical improprieties are unsupported by the record such that disqualification is not warranted.  There is no allegation that Cressman or her office represented an opposing party in a prior matter or that Plaintiffs' counsel has any confidential information about an adverse party obtained through prior representation of that party.  There is

no evidence here of any such relationship between Defendants and Cressman or anyone at her firm. Thus, this is not the type of case that poses a "significant risk of trial taint." *See Glueck*, 653 F.2d at 748.

Instead, Defendants make a conclusory assertion that Plaintiffs' counsel "has intentionally not shown Plaintiffs and the opt-ins" certain documents that Defendants claim undermines Plaintiffs' state law cause of action. (Dkt. No. 64 at 9.) This assertion is based on deposition testimony of Owens and opt-in Plaintiffs where they explained why they thought they were entitled to the entire service charge which is central to the claims at issue. (Dkt. No. 64 at 9-11.) Rather than show any impropriety on the part of Cressman or her office, or any trial taint requiring disqualification, Defendants' assertions simply go to the merits of their defenses. Therefore, disqualification on this basis is denied.

Defendants' motion for disqualification based upon Cressman's alleged improper solicitation of Owens likewise fails. First, disqualification of a plaintiff's counsel of choice based upon improper solicitation is unwarranted. *See, e.g., Lefrak v. Arabain Am Oil Co.*, 527 F.2d 1136, 1139 (2d Cir. 1975) ("Even if existing plaintiffs had been solicited, . . . the remedy of disqualification would be unwarranted."); *Spagnuoli v. Louie's Seafood Restaurant, LLC,* 20 F. Supp. 3d 348, 358-59 (E.D.N.Y. 2014) (finding disqualification was not warranted even assuming counsel improperly solicited clients). Moreover, Defendants' assertion that Cressman improperly solicited Owens via a telephone call is not wholly supported by Owen's testimony. While Owens indicated Cressman initiated their telephone conversation, Owens did not know if someone had referred Cressman to her; and there is no testimony by Owens that Cressman actually solicited her to be a client. (Dkt. No. 65-2 at 13, lines 12-13.) Since client solicitation is

an insufficient ground for disqualification, and Defendants' assertion that Cressman solicited Owens over the telephone is speculation, the Court denies disqualification on this basis.

Finally, Defendants' allegation that Owens was financially harmed by any alleged delay of her claims while Cressman and/or her firm attempted to obtain additional clients is meritless. (Dkt. No. 64 at 8.) Defendants have shown absolutely no financial harm to Plaintiffs or any financial gain to Plaintiffs' counsel. This Court has also already found that the solicitation letter Defendants allege delayed the adjudication of Owens' claims was not misleading or improper. (Dkt. No. 35.) Accordingly, since Courts in the Second Circuit strongly disfavor disqualification because it impinges on parties' rights to employ the counsel of their choice, Defendants' motion is denied.

### B. Plaintiff's Request for Sanctions

Counsel for Plaintiffs request the attorneys' fees and costs of having to respond to this motion asserting Defendants made it in bad faith and to delay the litigation. (Dkt. No. 66 at 16-17.) The request is denied. While the Court denies Defendants' motion for disqualification as set forth above, there is no evidence that the motion was "completely unsupportable" or brought "purely to harass" as Plaintiffs' counsel asserts. *Id.* at 16. Therefore, sanctions in the form of attorneys' fees and costs incurred by Plaintiffs in defending against this motion are not warranted.

## IV. CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that Defendants' motion (Dkt. No. 63) to disqualify Plaintiffs' counsel is **DENIED;** and it is further

**ORDERED** that Plaintiffs' request for attorneys' fees and costs regarding this motion is **DENIED**.

Dated: March 26, 2018
      Syracuse, New York

_____
Therèse Wiley Dancks
United States Magistrate Judge