

April 29, 2022

<u>VIA ECF</u>

Hon. Thérèse Wiley Dancks
United States Magistrate Judge
Federal Building and U.S. Courthouse
Syracuse, New York 13261-7396

   Re: <u>Carollo, et al. v. United Capital Corp., et al.</u>
      Civil Action No. 16-cv-0013 (DNH)(TWD)

Dear Judge Dancks:

  I write on behalf of the Plaintiff Class in response to Defendants' April 29, 2022 Letter Motion. Defendants' Letter Motion is in clear violation of the Court's orders and should be denied on that basis alone. Further, the issues raised in Defendants' Letter Motion raise serious concerns regarding Defendants' conduct in obtaining arbitration agreements and delaying enforcement.

  On April 4, 2022, Plaintiff counsel provided a pre-mediation settlement demand. On April 5, Defendants canceled the mediation. On April 8, Plaintiffs' counsel provided Defendants with a letter regarding outstanding discovery in order to comply with the Court's February 23, 2022 Text Order (Dkt. 129). On April 11, Defendants requested to reschedule mediation. On April 12, Plaintiffs' counsel requested Defendants provide a counteroffer before agreeing to reschedule mediation to ensure that mediation had potential to lead to a settlement rather than further delay discovery. Defendants refused. On April 13, 2022, Plaintiffs' counsel provided an updated letter on outstanding discovery and requested a meet and confer. Defendants' counsel was first available on April 26, and the parties held a meet and confer then. On April 24, Defendants' counsel disclosed and produced for the first time 195 arbitration agreements, all signed after the litigation was commenced, many of which were obtained after Plaintiffs filed the class certification motion, and two of which were signed after the class was certified. During that meet and confer Defendants' counsel raised for the first time a potential motion to decertify the class but stated any motion would occur after the close of discovery. On April 28, Plaintiffs' counsel sent a follow up to the meet and confer and stated Plaintiffs would circulate a draft status report the next day. At 1:04 pm, Plaintiffs' counsel sent Defendants' counsel the draft status report. At 1:13 pm Defendants' counsel stated he "just finalized a letter that I will be filing now concerning our anticipated motion to compel arbitration/decertify the class. This motion will need to be addressed first." Defendants' counsel filed that letter at 1:20 pm. At no point did Defendants' counsel meet and confer on that letter.

  The letter is in clear violation of both the Court's Order to file a joint status report (Dkt. 129) and the Court's stay (Dkt. 134). For these reasons alone, it should be denied.

Further, the motion is without merit. First, the communications with prospective and actual class members, for the purpose of entering into agreements that alter the status of the class, without prior court approval, is improper. *See In re Currency Conversion Fee Antitrust Litig.,* 361 F. Supp. 2d 237, 253 (S.D.N.Y. 2005). Second, the arbitration agreements should be considered void for the purposes of this litigation, in particular as they do not contain any reference to the pending litigation despite defendants obtaining them post-litigation. *See Oconner v. Agilant Solutions, Inc.,* 444 F.Supp.3d 593, 603 (S.D.N.Y. 2020). Third, the failure to raise arbitration previously, despite some arbitration agreements that were purportedly signed over six years ago and only raised now after nearly six years of protracted litigation of which included discovery as well as motion practice, waives any right to arbitrate. *See La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 626 F.3d 156, 159 (2d Cir. 2010); *Com-Tech Associates, v. Computer Associates Intern'l, Inc.,* 938 F.2d 1574, 1576-77 (2d Cir. 2021).

For these reasons, the Court should order the parties to follow its prior orders and submit a joint status report and deny Defendants' request.

Respectfully submitted,

*/s/ Samuel J. Buffone Jr.*

Samuel J. Buffone Jr.

cc:    Counsel for defendants (via ECF)


**SO ORDERED:**

_____
Honorable Thérèse Wiley Dancks
United States Magistrate Judge
Dated:  _____, 2022