

July 15, 2022

<u>*VIA* ECF</u>

Hon. Thérèse Wiley Dancks
United States Magistrate Judge
Federal Building and U.S. Courthouse
Syracuse, New York 13261-7396

      Re:    <u>Carollo, et al. v. United Capital Corp., et al.</u>
                Civil Action No. 16-cv-0013 (DNH)(TWD)

Dear Judge Dancks:

      I write on behalf of the Plaintiffs and the Class (together, Plaintiffs) to request permission to file motions: (1) to compel information contained in Defendants' ADP system that Defendants failed to produce; (2) for costs and attorneys' fees for the unnecessary deposition to perform basic searches of the ADP system; (3) to request the Court reconsider its order limiting motions for Rule 37(e) sanctions to motions *in limine*; and (4) to renew the request for sanctions for the failure to prepare corporate designees to testify.

      Defendants' actions have placed Plaintiffs in an untenable position. Defendants have not produced the basic information Plaintiffs need to efficiently calculate damages. Meanwhile, Defendants have hidden basic evidence behind their destruction of ESI and their failure to provide sufficient testimony through corporate designees. Plaintiff believes the Court will be able to resolve much, if not all, of the case through summary judgment. However, that briefing will be more efficient if the Court first rules on the proper sanctions for Defendants' improper conduct.

      While the parties are scheduled to mediate on August 1, 2022, the Court did not alter any deadlines. Dkt. 162. Discovery ends today, and discovery motions are due by July 22, 2022. Dkt. 155. Therefore, while Plaintiff does not object to the Court waiting to schedule the requested status conference until after mediation, Plaintiff files this letter to ensure Plaintiff does not waive its ability to raise Defendants' numerous failures should mediation not resolve the case.

### *Defendants Failed to Perform a Sufficient Search of ADP*

      Pursuant to the Court's June 16, 2022, Order, Plaintiff deposed Defendants' representative, Ana Diaconu, with live access to Defendants' ADP system. In that deposition, Plaintiffs' counsel was able to identify multiple pieces of relevant information that Defendants failed to search for and produce, in particular a "Regular Rate Paid" data field Defendants had said did not exist but that Defendants had not previously reviewed, and a "history tab" available for each employee that

includes the history of that employee's regular rate of pay. Ex. 1, screenshot from Diaconu deposition.

Plaintiffs were limited by the constraints of a deposition format and processing time of 5-10 minutes for every query of the ADP system and so were not able to identify all relevant information. However, it is Defendants' duty to identify relevant and responsive information. Therefore, Plaintiffs request permission to file a motion to compel Defendants to search the entirety of the ADP data fields for relevant and responsive information and produce any relevant and responsive information in ADP. At a minimum, that must include the "Regular Rate Paid" field for each class member, the printout of the history tab screen for each class member, and weekly payroll information when employees were paid on a bi-weekly basis.

Further, the sole purpose of the deposition was for Plaintiffs' counsel to direct Defendants' employee on how to search Defendants' own system. Defendants had a burden to conduct this search, one Ms. Diaconu admitted they did not do, without the time and assistance of Plaintiffs' counsel. Therefore, Defendants should bear the costs and fees associated with the deposition and any motion to compel. Plaintiffs respectfully requests permission to file this sanctions motion.

### *Defendants Have Destroyed Evidence and Hid the Facts*

As stated previously, Defendants lost most of the relevant ESI and made no effort to preserve that evidence. Dkt. 152. While the Court ruled that Plaintiff may raise these issues in a motion in *limine* at the time of trial, Plaintiff respectfully requests the Court revisit that decision.

Court's generally review violations of Federal Rule of Civil Procedure 37(e) as discovery sanctions motions. *See, e.g. ComLab, Corp. v. Tire*, 815 Fed.Appx. 597 (2d Cir. 2020); *Klipsch Group, Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620 (2d Cir. 2018). Motions *in limine* are pre-trial motions to allow evidentiary rulings before trial. "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotations omitted). Here Plaintiff does not seek a ruling on the relevancy or admissibility of evidence. Rather, Plaintiff seeks sanctions for Defendants' discovery misconduct.

While Plaintiff did find a few examples of Rule 37(e) sanctions motions at or right before trial, the cases involved unique circumstances that are not present here. For example, in *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002), the parties did not finish analyzing backup tapes necessary to make the sanctions motion ripe until mid-trial. Similarly, the three instances of motions *in limine* under Fed. R. Civ. P. 37(e) at or in advance of trial all involved lawsuits by prisoners. *See Sawyer v. Locy*, No. 9:19-cv-879, 2021 WL 4458822 (N.D.N.Y. Sept. 29, 2021) (a prisoner filed a case *pro* and received court appointed counsel six months before trial) (ex. 2); *Thousand v. Corrigan*, No. 9:15-cv-01025, 2017 WL 4480185 (N.D.N.Y. Oct. 6, 2017) (a prisoner plaintiff) (ex. 3), *Williams v. Geraci*, No. 14-cv-5742, 2020 WL 5848738 (E.D.N.Y. Sept. 30, 2020) (a *pro se* prisoner plaintiff) (ex. 4).

Here, no unique circumstances exist that warrant delaying this discovery sanctions motion until trial. Delaying a decision will only further prejudice Plaintiffs as Defendants' witnesses have

self-servingly testified that the destroyed relevant evidence would benefit Defendants. Plaintiffs therefore have limited ability to rebut this testimony. Instead, ruling on sanctions now will streamline summary judgment and trial as the parties will know what important inferences should be drawn. For example, it appears some underlying event documents, and in particular the communication of those event documents, were destroyed. As provided by in NYLL §196-d and its supporting regulations, Defendants must include a disclaimer on all event documents explaining that the mandatory service charge is not a tip that is distributed amongst banquet service employees. See 12 NYCRR § 146.2.19(c). A ruling on Plaintiffs' motion could determine the extent that such documents can be considered, including the existence and sufficiency of any disclosure in an event document the trier of fact cannot consider because of Defendants' destruction of relevant evidence.

Cases related to banquet service charges, such as the instant case, are often resolved on summary judgment motions. *See Maldonado, v. BTB Events & Celebrations, Inc.*, No. 12-cv-5968, 2013 WL 6147803, at *8-10 (S.D.N.Y. Nov. 22, 2013) (granting summary judgment in favor of plaintiffs on their § 196-d claim for time period since 2011 regulations) (ex. 5); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 319 (S.D.N.Y. 2011) (granting plaintiffs' motion for summary judgment finding that defendants were liable for violations of NYLL § 196-d for their mandatory charges using the terms "gratuity," "service charge" and "tip"). Therefore, delaying the sanctions motion until after summary judgment will impair the Court's ability to efficiently resolve this case.

Hon. Thérèse Wiley Dancks
July 15, 2022
Page 4

      Similarly, Defendants utterly failed to prepare their corporate designees. The designees testified they did "nothing" to prepare, *see e.g.* Tuohy at 149:12-14 (ex. 6) and Hill at 87:5-7 (ex. 7), and had "nothing but my memory to prepare for this deposition," *see* Cherry 20:19-23 (ex. 8). *See In re Customs and Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.,* No. 18-cd-2865 2021 WL 6064793 (S.D.N.Y. Dec. 22, 2021) ("Producing an unprepared witness is tantamount to failure to appear.") (ex. 9). The witnesses were unable to testify on important topics such as if Defendants' disclosures to customers changed and why, and gave conflicting testimony, such as whether banquet service workers were classified as exempt employees under the FLSA. While some of these issues can be addressed through motions *in limine* before trial, the failure to prepare the 30(b)(6) witnesses compounds the prejudice from the spoilation of ESI. Plaintiff therefore requests permission to raise the failure to prepare corporate designees in conjunction with the ESI spoilation motion in order to fully illustrate the prejudice Plaintiffs face from Defendants' failures.

                                                  Respectfully submitted,

                                                  */s/ Samuel J. Buffone Jr.*
                                                  Samuel J. Buffone Jr.

cc:    Counsel for defendants (via ECF)

**SO ORDERED:**

_____
Honorable Thérèse Wiley Dancks
United States Magistrate Judge
Dated: _____, 2022