UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEANNA CAROLLO, on behalf of
themselves and all other employees
similarly situated, and DIANA J.
OWENS, on behalf of themselves and
all other employees similarly situated,

                    Plaintiffs,

          -v-                                    6:16-CV-13

UNITED CAPITAL CORP., AFP
MANAGEMENT CORP., and
AFP 101 CORP.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING CLASS NOTICE

On January 5, 2016, named plaintiffs Deanna Carollo and Diana J. Owens

(the "named plaintiffs") filed this putative collective action alleging that

defendants United Capital Corp., AFP Management Corp., and AFP 101

Corp. ("defendants") violated the Fair Labor Standards Act ("FLSA") and

New York Labor Law ("NYLL") by, *inter alia*, failing to properly compensate

the named plaintiffs and other similarly situated service workers for certain

time worked at the Radisson Hotel-Utica Centre in Utica, New York.

On February 16, 2023, after years of litigation punctuated by sharply contested motion practice, and with the involvement of two experienced mediators over three sessions, the parties finally notified the Court that they had reached a settlement in principle.  Dkt. No. 178.

The named plaintiffs have moved for: (1) certification of the proposed settlement classes; (2) preliminary approval of the parties' settlement agreement; (3) approval of the proposed class notice; (4) an Order scheduling a Final Approval Hearing and related deadlines.  Dkt. No. 184.  The motion is unopposed.  *Id.*

Upon consideration of the named plaintiffs' memorandum of law and their supporting exhibits, and after reviewing the parties' Settlement Agreement and the attached Class Notice materials, it is

ORDERED that

1.  The unopposed motion for preliminary approval of the class action settlement (Dkt. No. 184) is GRANTED;

2.  The Court FINDS, on a preliminary basis, the settlement memorialized in the parties' Settlement Agreement (Dkt. No. 184-3) falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23(e) and other applicable laws;

3.  Preliminary approval of the Settlement Agreement is GRANTED;

4.  For settlement purposes only, the following Settlement classes are

CERTIFIED pursuant to the Settlement Agreement and FED. R. CIV. P. 23:

> **Banquet Class:** all hourly banquet employees, including but not limited to, job titles such as banquet servers, bartenders, and captains, who worked at the Hotel during the period of time between January 5, 2010 through March 24, 2021.  For the avoidance of any doubt, an individual is only a Banquet Class Member if such person has a period of time in which he or she worked as an hourly banquet employee during the Banquet Class Relevant Time Period according to Defendants' records.  Any member of the Banquet Class is automatically also part of the Hourly Employee Classes and can also qualify to be in the Restaurant Class.

> **Restaurant Class:** all tipped employees who worked at the restaurant located in the Hotel during the Restaurant Class Relevant Time Period.  For the avoidance of any doubt, an individual is only a Restaurant Class Member if such person has a period of time in which he or she worked as a tipped restaurant employee during the period of time between January 5, 2010 through March 24, 2021 according to Defendants' records.  Any member of the Banquet Class is automatically also part of the Hourly Employee Classes and can also qualify to be in the Restaurant Class.

> **Hourly Employee Class:** all hourly employees who worked at the Hotel during the period of time between April 9, 2011 through March 24, 2021.  For the avoidance of any doubt, an individual is only an Hourly Employees Class Member if such person has a period of time in which he or she worked as an hourly non-tipped employee during the Hourly Employee Relevant Time Period according to Defendants' records.

5.  The Settlement classes exclude all Class Members who timely and validly request exclusion from the Class;

6.  The Court provisionally FINDS, for settlement purposes only, that:

> (a) the Class is so numerous that joinder of all Class Members would be impracticable;
>
> (b) there are issues of law and fact common to the Class;
>
> (c) the claims of the Named Plaintiffs are typical of, and arise from, the same operative facts and seek similar relief as the claims of the Class Members;
>
> (d) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class as the Named Plaintiffs have no interest antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class;
>
> (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members;
>
> (f) the members of the Settlement classes are ascertainable; and
>
> (g) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy;

7.  Named Plaintiffs Deanna Carollo and Diana J. Owens are adequate Class Representatives for the Settlement;

8. The Court FINDS that the Named Plaintiffs are similarly situated to Class Members and therefore typical of the Settlement classes and that they will be adequate Named Plaintiffs;

9. The Court FINDS that Thomas & Solomon LLP, whom this Court previously appointed as Class Counsel, remains qualified and able to litigate the claims in this matter;

10. The Court further APPOINTS Black & Buffone PLLC as Class Counsel for settlement purposes under Rule 23(a)(4) upon a FINDING that counsel is well-qualified and experienced;

11. The Court FINDS that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement classes as to their claims against Defendants;

12. The Court FINDS that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficially relief to the Settlement classes;

13. The Court FINDS that the Settlement agreement:

> (a) is the result of serious, informed, non-collusive arms'-length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of experienced mediators, Paul J. Sweeney, Esq., and Martin F. Scheinman, Esq.;

(b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement classes;

(c) meets all applicable requirements of law, including Rule 23 of the Federal Rules of Civil Procedure; and

(d) is not a finding or admission of liability by Defendants;

14. The Court APPOINTS as Claims Administrator the designated claims administrator agreed to by the parties and DIRECTS the Claims Administrator to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order;

15. The Court FINDS that the Notice to the Settlement classes as set forth in the Settlement Agreement and Exhibit 1 is reasonably calculated to, under the circumstances, apprise the members of the Settlement classes of the pendency of this action, the certification of the Settlement classes, the terms of the Settlement Agreement, and the right of members to submit a claim form, object to the Settlement, or to exclude themselves;

16. The Court FINDS that the Notice is consistent with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances;

17. The Court APPROVES the Notice and Claim Form, attached as Exhibit 1 to the Settlement Agreement;

18. The Court APPROVES the plan for settlement administration;

19.  The Court DIRECTS that, collectively, the Notice and the plan for settlement administration shall be referred to as the "Notice Program," and the parties may, by agreement, revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting;

20.  Within seven days of the entry of the Preliminary Approval Order, Defense Counsel shall provide Class Counsel and the Claims Administrator with the Class Members Lists in Microsoft Excel format;

21.  Pursuant to the Settlement Agreement, after the entry of this Preliminary Approval Order, and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, the Claims Administrator shall provide Notice as follows:

> (a) Within eighteen (18) days of the entry of the Preliminary Approval Order, the Claims Administrator shall mail to all Class Members via First Class United States Mail, postage prepaid, the Court-approved Notice and Claim Form. Class Members who are no longer employed with Defendants and who have been identified as part of the Restaurant and/or Banquet Classes according to Defendants' records, the Claims Administrator will mail, along with the Notice of Settlement a blank IRS Form W-4, to be completed and returned to the Claims Administrator. If a Notice and Claim Form is returned to the Claims Administrator by the Post Office with a forwarding address within thirty-eight (38) days after the initial mailing date, the Claims Administrator shall re-mail the Notice, Claim Form and W-4 Form when applicable to a forwarding address. If a Notice

and Claim Form is returned to the Claims Administrator without a forwarding address within thirty-eight (38) days from the initial mailing date, the Claims Administrator shall use reasonable efforts to attempt to find a new address using the Class Member's Social Security Number, and if a new address is found, to mail a Notice and Claim Form to the new address;

(b) copy of the Notice of Settlement and Claim Form will be made available to the Class Members on the Settlement website to be maintained by the Claims Administrator.  The website will include a copy of the Settlement Agreement, Motion for Preliminary Approval, Motion for Final Approval, and Motion for Attorneys' Fees and Enhancement Awards.  The website shall also identify the time and date of the Final Fairness Hearing;

(c) The Claims Administrator will provide a recorded phone line for any frequently asked questions, which will be agreed to by both Parties.  In addition, the Claims Administrator will provide an option to speak with a live customer service representative for the limited purpose of requesting a copy of the Notice of Settlement and Claim Form;

22.  Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form;

23.  The deadline to submit a Claim Form is forty-five days after the initial mailing of the Notice;

24.  Class Members who wish to exclude themselves from the Class for purposes of this Settlement may do so by submitting an opt-out request to the Claims Administrator prior to the opt-out deadline to be specified in the

Notice of Settlement which date shall be forty-five (45) days from the date the Notice of Settlement is scheduled to be mailed by the Claims Administrator. The opt-out request must comply with the exclusion procedures set forth in the Settlement Agreement.  Each Class Member desiring to exclude him or herself from the Settlement Class shall timely submit, by mail, email or fax, written notice of such intent to the Claims Administrator as set forth in the Notice of Settlement. The written notice must clearly manifest the intent to opt-out from the Settlement classes and must include:

> (i) the name of the Action ("*Carollo et al. v. United Capital Corp. et al.*");
>
> (ii) the full name, last four digits of Social Security Number, address, and telephone number of the Class Member requesting to be excluded; and
>
> (iii) a declaration stating that "I request that I be excluded from the Settlement Class in *Carollo et al. v. United Capital Corp. et al.* and do not wish to participate in the Settlement.  I understand that by requesting to be excluded from the Settlement, I will not receive any benefits under the Settlement";

25.  Any member of the classes who timely requests exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement.  Any member of the classes who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment;

26.  Any member of the classes who has not timely filed an opt-out request may object to the granting of final approval to the settlement;

26.  Any Class Member may object on their own or may do so through separate counsel at their own expense;

27.  Any objection must be mailed to the Claims Administrator no later than forty-five days form the date the Notice of Settlement is mailed by the Claims Administrator;

28.  Any written objection to the Settlement must include:

> (i) the name of the proceedings ("*Carollo et al. v. United Capital Corp. et al.*");
>
> (ii) the Class Member's full name, current mailing address, and telephone number;
>
> (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection;
>
> (iv) a statement as to whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class;
>
> (v) the identity of any attorneys representing the Objector;
>
> (vi) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;
>
> (vii) all other cases in which the Objector and/or the Objector's counsel has filed an objection to any proposed class action settlement within the past three (3) years; and

(viii) the signature of the Class Member or the Class Member's attorney;

29.  Any Class Member who wishes to be heard at the Final Approval Hearing, whether or not the Class Member opts out or objects to the Settlement, must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections;

30.  If an Objector intends to appear, the person who wishes to speak at the Fairness Hearing must be identified (name, address, and telephone number) and identify (name, address, and telephone number) any lawyer who will speak on the person's behalf;

31.  Any member of the Class who fails to file and serve a timely written objection in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have WAIVED any objections and shall be FORECLOSED from making any objections (whether on appeal or otherwise) to the Settlement;

32.  To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Class Members, the Court ENJOINS all members of the Settlement classes, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights

or claims of any Releasees or Class Members relating to, or arising out of, any of the Released Claims;

33. Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable;

34. All case deadlines are STAYED and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order;

35. Counsel for the Parties are hereby AUTHORIZED to utilize all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with this Order or the terms of the Settlement Agreement;

36. In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement classes for purposes of effectuating the Settlement, shall be automatically vacated upon notice of the same to the Court, the action shall proceed as though the Settlement classes had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture in effect prior to entry of this Order.  Neither party, nor counsel shall

refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendants under Rule 23;

37.   The Settlement Agreement is not a concession or admission, and shall not be used against Defendants or any of the Releasees as an admission or indication with respect to any claim of any fault or omission by Defendants or any of the Releasees;

38.   Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

> (a) Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Releasees, including, but not limited to, evidence of a presumption, concession, indication, or admission by Defendants or any of the Releasees of any liability, fault, wrongdoing, omission, concession, or damage; or

> (b) Disclosed, referred to, or offered or received in evidence against any of the Releasees in any further proceeding in the Action, or in any other civil, criminal, or administrative action or proceeding, except for purposes of settling the Action pursuant to the Settlement Agreement and by the Parties for purposes of enforcing the Settlement Agreement.

39.  A Final Approval Hearing will be held on **Monday, August 7, 2023 at 1:00 p.m. in Utica, New York**, or by videoconference or telephonic means;

40.  The Final Approval Hearing may be continued without further notice to Class Members, except that if the Court chooses to hold the Final Approval Hearing by videoconference or telephonic means, notice will be posted on the Settlement Website, and the Parties shall provide such information to anyone who files a timely objection to the Settlement.

The Clerk of the Court is directed to set deadlines accordingly and terminate the pending motion.[1]

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  May 8, 2023
        Utica, New York.

---

[1]  In summary, the applicable deadlines are as follows:

| | |
|---|---|
| Deadline to Mail Notice: | 18 days after entry of this Order; |
| Motion for Final Approval: | 8 days before Final Approval Hearing; |
| Opt-Out Deadline: | 45 days after entry of this Order; |
| Objection Deadline: | 45 days after entry of this Order; |
| Claims Deadline: | 45 days after Notice deadline; |
| Final Approval Hearing: | at least 85 days after entry of this Order. |