UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEANNA CAROLLO and DIANA J. OWENS, *on behalf of themselves and all other employees similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED CAPITAL CORP., AFP MANAGEMENT CORP. and AFP 101 CORP.,<br><br>*Defendants.* | Civil Action No.<br>16-cv-0013 DNH/TWD |

[_____ **FINAL APPROVAL ORDER AND JUDGMENT** _____

**WHEREAS,** Plaintiffs, by their attorneys, Thomas & Solomon LLP and Black & Buffone PLLC, having moved this Court for an Order granting final approval of class action settlement, and United Capital Corp., AFP Management Corp. and AFP 101 Corp. ("Defendants"), through their attorneys, Milman Labuda Law Group PLLC, having appeared at the hearing;

**WHEREAS,** this Court granted preliminary approval of the Parties' Settlement Agreement in the above-captioned action ("Action") on May 8, 2023 ("Preliminary Approval Order");

**WHEREAS,** Notice to the class members ("Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Class Members to submit a Claim Form and receive benefits under the Settlement Agreement, opt-out, or submit objections;

**WHEREAS,** no Class Members submitted objections or opt-outs;

**NOW,** upon the reading of the Affirmation of Jessica L. Lukasiewicz executed on July 28, 2023 and annexed exhibits and memorandum of law in support of Plaintiffs' motion for

final approval of class action settlement, and after hearing counsel for all of the Parties at the August 7, 2023 fairness hearing and after due deliberation having been held thereon, the Court grants final approval of the Settlement Agreement, and hereby find and orders for purposes of settlement only:

1. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members with respect to the following Settlement classes certified under Rule 23 of the Federal Rules of Civil Procedure:

> **Banquet Class:** all hourly banquet employees, including but not limited to, job titles such as banquet servers, bartenders, and captains, who worked at the Hotel during the period of time between January 5, 2010 through March 24, 2021. For the avoidance of any doubt, an individual is only a Banquet Class Member if such person has a period of time in which he or she worked as an hourly banquet employee during the Banquet Class Relevant Time Period according to Defendants' records. Any member of the Banquet Class is automatically also part of the Hourly Employee Classes and can also qualify to be in the Restaurant Class.
>
> **Restaurant Class:** all tipped employees who worked at the restaurant located in the Hotel during the Restaurant Class Relevant Time Period. For the avoidance of any doubt, an individual is only a Restaurant Class Member if such person has a period of time in which he or she worked as a tipped restaurant employee during the period of time between January 5, 2010 through March 24, 2021 according to Defendants' records. Any member of the Banquet Class is automatically also part of the Hourly Employee Classes and can also qualify to be in the Restaurant Class.
>
> **Hourly Employee Class:** all hourly employees who worked at the Hotel during the period of time between April 9, 2011 through March 24, 2021. For the avoidance of any doubt, an individual is only an Hourly Employees Class Member if such person has a period of time in which he or she worked as an hourly non-tipped employee during the Hourly Employee Relevant Time Period according to Defendants' records.

The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

3. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the Enhancement Awards to the Named Plaintiffs.

4. An affirmation of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

5. The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions pursuant to the Settlement Agreement.

6. The Court hereby finds that Thomas & Solomon LLP are experienced employment litigators having represented employees across the United States in wage and hour cases.

7. In accordance with Paragraph 10.4 of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees and costs in the total amount of Seven Hundred Two Thousand Dollars and Zero Cents ($702,000.00), to be paid as specified in the Settlement Agreement.

8. In accordance with Paragraph 10.3 of the Settlement Agreement, Named Plaintiffs are hereby awarded Ten Thousand Dollars and Zero Cents ($10,000.00) each, to be paid as specified in the Settlement Agreement.

9. In accordance with Paragraph 10.5 of the Settlement Agreement, the Claims Administrator shall be paid all owed Settlement Expenses as specified in the Settlement Agreement.

10. Upon the Final Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendants, with each Party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Class Members who did not timely submit a valid opt-out shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

11. Each Class Member who did not timely submit a valid opt-out is bound by this Judgment and Order, including, without limitation, the release of certain claims as set forth in the Settlement Agreement, which includes as follows:

> any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints, or suits of any kind that relate to his or her compensation or any wage and hour violations that may have occurred during, arising from, or relating to each Class Member's employment at the Hotel under federal, state, and/or local law from January 5, 2010 through April 28, 2023 for the Restaurant and Banquet Classes and April 9, 2011 through April 28, 2023 for the Hourly Employee Class, including, but not limited to, any and all claims for unpaid wages, overtime compensation, gratuities, tips, tip credits, tip allowances, service charges, administrative charges, operational charges, other mandatory charges, commissions, improper deductions, travel time, bonuses, penalties, spread-of-hours pay, meal breaks, meal credits, uniform maintenance, uniform reimbursement, expense reimbursement, failure to maintain and furnish employees with proper wage notices and statements, other compensation, wages or benefits, including, but not limited to, life insurance, accidental death and disability insurance, sick leave, other employer-provided plans or programs, distributions of income or profit, vacation or other leave time, retirement benefits, pension benefits, and any other claims that were or could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws (including, but not limited to, the Fair Labor Standards Act, New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Restaurant Industry Wage Order, New York Minimum Wage Order for Miscellaneous Industries and Occupations, and New York Wage Theft Prevention Act). This release includes all claims for relief relating to any such released claims, including claims for liquidated damages, punitive damages, penalties, interest, and attorneys' fees, costs, and expenses outside of those provided for under this Agreement. Nothing contained in the release set forth in this Paragraph, however, shall preclude any Class Member from pursuing any claims for unemployment insurance benefits or workers' compensation benefits; however, the Named Plaintiffs affirm that they are unaware of any workplace injury that

they suffered. Moreover, Plaintiffs acknowledge that they were not members of any employee benefit plan during their employment with Defendants.

12. As of the Notice Deadline, no Class Members have submitted a valid request to be excluded from the Settlement.

13. The Court has considered all of the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendants of any liability, claim or wrongdoing in this Action or in any other proceeding.

15. In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. The Court hereby finds that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

Without affect the finality of this Judgment in any way, this Action shall remain open and the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement Agreement; (b) disposition of the Settlement funds; and (c) the Parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

**IT IS SO ORDERED**   August 7, 2023

David N. Hurd
U.S. District Judge